### WM. THOMAS v. WALSH, McCLARTY & Co.

1. JOINDER OF ACTION.—It seems that it is improper to join in a suit on an account for goods sold, a proceeding against one to whom defendant had made an assignment of his property, charging (1) that such assignment was fraudulent, and (2) that it was made for the benefit of creditors, and asking the enforcement of the trust.
2. JUDGMENT BY DEFAULT.—It is error to render final judgment by default in such case and order execution, for want of an answer, for the amount of the account sued on against the assignee of the purchaser of such goods.
3. SAME.—In suit against a trustee for discovery and the enforcement of a trust, judgment by default cannot be rendered for a sum certain in favor of one of the creditors, in whose favor the trust was made, without answer and other necessary parties.

APPEAL from Hopkins.    Tried below before the Hon. W. H. Andrews.

E. P. Walsh, Cyrus McClarty, and Charles Helms sued J. M. Stinnett and Wm. Thomas on an account for goods, wares, and merchandise sold and delivered by plaintiffs to Stinnett.   As to Thomas it was alleged that Stinnett being in failing circumstances fraudulently conveyed all his property to Thomas for the purpose of defrauding his creditors, and that said conveyance was made to Thomas on the express trust to apply the proceeds to the payment of Stinnett's debts, and that Thomas had disposed of the said goods so conveyed, and would not pay plaintiffs, nor could the goods be found to satisfy execution.

At February Term, 1874, judgment by default was taken against Thomas, and the case continued for service as to Stinnett.

February 19, 1874, Thomas filed a motion to set aside the default, (1) because defendant had been advised that he was not required by law to answer, his co-defendant not having been served with process, (2) alleging that his purchase was not a fraud, but that he held by a deed from Stinnett, for the benefit of his creditors.

20th February plaintiff excepted to the sufficiency of the motion of Thomas to set aside the default, which exceptions on the same day were sustained.   The court adjourned for the term on the next day, 21st February.

June 1, 1874, Thomas filed what is termed an amended motion to set aside the default, setting out at large his acts under the trust deed, copy of which was made part of his original motion, which was overruled and motion dismissed. Service having been perfected as to Stinnett, judgment by default was also taken against him at the June Term.

At October Term, 1874, a writ of inquiry was executed and a verdict rendered as follows :

"We, the jury, find for the plaintiff $340.96, principal and interest, against the defendant Stinnett."

Whereupon the court rendered judgment for said sum against Stinnett, and further "that the said transfer and assignment from the said James M. Stinnett to the said Wm. Thomas be and the same is hereby canceled, set aside, and held for naught, and that the plaintiffs do have and recover of and from the defendant Thomas the amount of their judgment against said Stinnett, ($340.96,) with the costs of this suit, and that execution therefor issue against the said Wm. Thomas and James M. Stinnett, and a satisfaction of this judgment by either of the defendants shall be a satisfaction as to the other."

Motion by Thomas for a new trial was overruled, and he appealed.

The assignments of error and further facts appear in the opinion.

*C. Payne,* for appellant, cited Story's Eq. Plead., secs. 314, 315 ; Turner *v.* Lambeth, 2 Tex., 369 ; Paxton *v.* Boyce, 1 Tex., 325 ; Paschal's Dig., arts. 1508, 1476 ; King *v.* Russell, 40 Tex., 124 ; Moore *v.* Guest, 8 Tex., 119 ; Pinchain *v.* Collard, 13 Tex., 333 ; Storey *v.* Nichols, 22 Tex., 87.

*Samuel J. Hunter,* for appellees, cited Martin *v.* Crow, 28 Tex., 613; Id., 30 Tex., 40; Paschal's Dig., 1473, 1506; McKean *v.* Ziller, 9 Tex., 59 ; Laird *v.* The State, 15 Tex., 317; Bullock *v.* Ballew, 9 Tex., 500.

Judgment by default admits every allegation in plaintiff's petition, except the amount of the demand when unliquidated. (Clark *v.* Compton, 15 Tex., 32; Watson *v.* Newsham, 17 Tex., 437; Storey *v.* Nichols, 22 Tex., 87 ; Tarrant County *v.* Lively, 25 Tex. Supp., 399; Caldwell *v.* Fraim, 32 Tex., 325 ; Long *v.* Wortham, 4 Tex., 381; Swift *v.* Faris, 11 Tex., 18 ; 29 Tex., 199 ; 2 Saund. Pl. and Ev., part 1, p. 218.)

MOORE, ASSOCIATE JUSTICE.—This suit was brought by ap-

pellees against appellant and one J. M. Stinnett on an open account due them by said Stinnett for certain goods, wares, and merchandise sold and delivered him by appellees.

An inspection of the petition shows that appellees seek relief on two entirely distinct and different grounds. In the first place, they allege that Stinnett had made a fraudulent sale and transfer of his property to Thomas, who was using and disposing of the same for his own profit, and ask that said sale be set aside and held for naught, and the property be declared subject to sale for the payment of their debt; and in the event said Thomas has disposed of said goods, so that there is not sufficient of them left to pay their debt, that they have judgment against him.

It is also alleged by appellants that the transfer of said goods to Thomas purported to be made on trust to sell and dispose of them for the payment of the debts of said Stinnett; that though he had accepted said goods on said trust, he had failed and refused to comply with the same. They ask said Thomas be required to make a full, true, and perfect answer to the matters alleged and interrogatories propounded concerning said trust, and to render an account of the same, &c., and that said trust be settled and closed.

If it be admissible to join such dissimilar grounds of action in the same petition, (which we need not now decide, as the question is not presented by the record as it comes before us,) it is clear beyond all dispute that the default or failure of Thomas to answer the petition will not warrant a judgment and execution against him for the amount found to be due appellee by Stinnett. It is insisted that appellant's failure to answer the petition admits the truth of its averments. Grant that this is so, what averment is there in the petition which justifies formal judgment against Thomas? If the sale and transfer of the goods is fraudulent it is void, and the goods are subject to levy and sale under judgment and execution against Stinnett. And if we concede that if Thomas has fraudulently converted any of them to his own

use, or has disposed of them so that the creditors cannot reach them, he would be liable for the value of such of them as he has thus converted or disposed of, we are still met with the difficulty that while it is alleged in the petition that Thomas is selling, using, and disposing of them to his own use and for his own benefit, the amount or value so used and disposed of is not alleged. It cannot therefore be said, though all the allegations of the petition are admitted, that the amount of the goods so used and disposed of is equal to appellee's judgment.

And certainly it cannot be insisted that the failure of Thomas to answer and show the condition of the trust estate and his action as trustee will authorize a personal judgment against him on the vague and indefinite charges in the petition. In view of the allegations in the petition, it evidently would have been necessary to have discovered from the trustee before a decree could have been made for the settlement of the trust, if, indeed, such a decree could have been properly rendered under the petition, and without other parties interested in the trust being brought before the court.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.