HARTFORD FIRE INSURANCE COMPANY ET AL. v. CITY OF HOUSTON ET AL.

No. 1922.  Decided February 24, 1909.

1.—Practice on Appeal—Intervention—Record.

Insurance companies intervening in an action by a city against a water company for loss of its property by failure to furnish water as agreed for extinguishing fire, and alleging that by compromise the city had received money from defendant to reimburse intervenors for insurance on the property paid by them, showed a cause of action against the city by reason of its receipt of the money for such use; error in dismissing their intervention as against the city could be reviewed, though the record did not show the pleadings of the defendant water company, on which the intervention had been dismissed as to such company also. (Pp. 320, 321.)

2.—Illegal Contract—Money Received.

A city which, in settlement of its suit against a water company for loss of its property by fire through defendants failure to perform its contract to furnish water for extinguishing it, has received money for indemnifying insurance companies for the payments made by them to it on loss of the property, becomes liable to the insurance companies, on an implied contract, for the money so received for their benefit, without regard to the terms or validity of its contract with the water company under which it received the money; it can not defend the action of the insurance companies therefor on the ground that its contract with the water company was void as creating a monopoly, since the case against it could be made out without going into the illegal contract. (Pp. 321, 322.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Harris County.

Interventions by the insurance companies in the action of the city against the water company were dismissed and the judgment was affirmed on their appeal. Appellants thereupon obtained writ of error.

*Jno. G. Tod, Wm. Thompson, Bryant & McRae* and *Finley, Knight & Harris,* for plaintiffs in error.—The allegations in the intervening plaintiff's second amended petitions in intervention, filed January 24, 1907, showed a cause of action against the city of Houston, and also showed that the said city of Houston was properly joined as a defendant therein with the Houston Water Company, and the court erred in sustaining the pleas in abatement of said city of Houston and Houston Water Company, and in dismissing said city from this suit. Spann v. Cochran, 63 Texas, 240; Morris v. Gaines, 82 Texas, 257; Gay v. Pemberton, 44 S. W., 401; Southern Loan, etc., Ass'n v. Winans, 24 Texas Civ. App., 544; Bank v. Investment Co., 74 Texas, 421; Skipwith v. Hurt, 94 Texas, 331; Schneider v. Roe, 25 S. W., 59; Ward v. Green, 28 S. W., 576; Geistweidt v. Mann, 37 S. W., 373.

While the general rule is that a cause of action can not arise out of an illegal contract, there is, however, a well defined exception to this rule, which is: that a party who was to be protected by the law is held not in pari delicto with the offending party, and the party intended by the law to be protected may enforce his rights under the contract, when the other party could not do so. 9 Cyc., 550, 552, 560, and notes; Hunt v. Turner, 9 Texas, 389; DeLeon v. Trevino, 49 Texas, 88.

*Wm. H. Wilson,* for defendant in error, City of Houston. *Hutchison, Campbell & Hutchison,* for defendant in error, the Houston Water Company.—Plaintiffs did not state any cause of action, or set out any reason why they should be permitted to make the city of Houston a proper or necessary party; and had they shown that it was a proper party, there is not the slightest contention that it was a necessary party; and in the absence of their being a necessary party, the court was not guilty of a reversible error in declining to permit the city of Houston to be made a party at all. Holliway v. Blum, 60 Texas, 625; Reed v. Coffey, 40 S. W., 1027; Rush v. Bishop, 60 Texas, 178; Gulf, W. T. & P. Ry. Co. v. Browne, 27 Texas Civ. App., 437.

The cause of action was for consequential damages, for the breach of a wholly illegal and unauthorized contract, made in violation of the Constitution of this State, and of public policy the world over; and as such no action could be sustained thereon. It was both ultra vires and wholly illegal as a monopoly and a perpetuity. Constitution of the State of Texas, art. 1, sec. 26; Edwards County v. Jennings, 89 Texas, 618; Altgelt v. City of San Antonio, 81 Texas, 436; Sanger v. Miller, 26 Texas Civ. App., 111; Reid v. Brewer, 90 Texas, 148; Fuqua v. Brewing Co., 90 Texas, 302; Citizens Bank v. City

of Terrell, 78 Texas, 457; Gould v. Paris, 68 Texas, 512; Central Transportation Co. v. Pullman Palace Car Co., 139 U. S., 24; City of Brenham v. Brenham Water Co., 67 Texas, 442; Pullman Palace Car Co. v. Central Transportation Co., 171 U. S., 139; 15 Am. & Eng. Enc. of Law (2d ed.), 1014-1015.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This proceeding was instituted by an action in favor of the city of Houston against the Houston Water Company to recover damages in the sum of $116.596, resulting in the destruction by fire of the city's market house and furniture therein, owned by the city of Houston, which occurred on the 24th day of June, 1901. As we understand the petition, the city ought to recover from the Water Company by reason of its failure to comply with the terms of a certain contract entered into between the city of Houston and one Loweree, to whose rights and liabilities the Water Company succeeded, in which Loweree bound himself to furnish water to the city in sufficient amount and with sufficient pressure to extinguish fires, alleging that by reason of such failure its market house, furniture, fixtures, equipments and appliances were destroyed by fire. After the suit was instituted it was dismissed by the city by reason of a compromise having been entered into between it and the Water Company; thereupon the Hartford Fire Insurance Company intervened in the suit making the city a party thereto, claiming that it was entitled to whatever the city was entitled to receive from the Water Company. It also alleged that in the compromise as entered into between the city of Houston and the Water Company the city purchased the plant of the Water Company and agreed to reimburse the parties who had insured the property to the amount of $100,000, which had not been done. The Aetna Fire Insurance Company and other insurance companies filed like petitions, and in each petition it was alleged that the respective companies have paid out as insurers of the property a specific sum of money. Pleas in abatement were filed by the Water Company and by the city upon the ground that there was a misjoinder of parties. That of the city of Houston reads as follows:

"That at the preceding term of this court, the court being then in session, each of the intervening insurance companies being the intervening plaintiffs in said suit as originally filed, without obtaining leave of the court to make additional parties defendant to said suit (though the court was in session) filed pleadings therein, styled First Amended Petitions in Intervention, by which they undertook to make the city of Houston a party defendant to said suit; that the original defendant in said suit, the Houston Water Company, filed a plea in abatement to the city of Houston being made a party defendant to said suit, which plea in abatement being heard and argued before the court, the court on the 19th day of January, 1907, entered its judgment sustaining said plea in abatement and dismissing from said suit the causes of action therein asserted by said intervening plaintiffs against the city of Houston, and abating the said causes of action, a copy of which judgment is hereto attached and made a part

of this plea in abatement.    All of said insurance companies being named in said judgment.

"Whereupon the said intervening plaintiffs again, without obtaining leave of the court (though the court was in session) to make additional parties defendant to said suit, filed on January 24, 1907, their second amended petitions in intervention, by which they again undertook to make the city of Houston a party defendant to said suit; their second amended petitions in intervention being identical in substance and effect with the first amended petitions in intervention theretofore filed, and setting up the same causes of action against the Houston Water Company and against the city of Houston as were asserted in said first amended petitions in intervention; and this defendant hereto attaches and makes part of this plea in abatement certified copies of the orders of court under which the said intervening plaintiffs undertook to make the city of Houston a party defendant to said suit by their said first amended petitions in intervention and second amended petitions in intervention.

"And this defendant, the city of Houston, further pleads in abatement of the said cause of action, and of this defendant, the city of Houston, being made a party defendant to this suit of said insurance companies against the Houston Water Company; that there is not stated in said second amended petitions in intervention in any of the courts thereof any cause of action entitling the said plaintiffs to litigate against the city of Houston and the Houston Water Company as common defendants, or as jointly or severally bound in such a way as to be made joint or several defendants to this cause of action, or to this suit; and that the same matters, in substance and effect, having at a preceding term of this court been set up in the first amended petitions in intervention, this court has at the preceding term of this court rendered its judgment aforesaid abating said pleadings and cause of action insofar as it was sought to make the city of Houston a party defendant to said suit, which judgment of the court remains unreversed and in full force and effect.    And this defendant further says that the matters set out and alleged in all and each of said petitions in intervention have been adjudicated by this court not to authorize the said plaintiffs to make the city of Houston a party defendant to this suit, and the said second amended petitions in intervention as filed, containing the said city of Houston as a party defendant, are without the warrant of the court and should be stricken out and abated to that extent.    Wherefore, the defendant city of Houston prays that the actions filed herein in said pleadings seeking to make it a party defendant to this suit should be abated and stricken out and held for naught."

The so-called plea in abatement of the Water Company does not appear in the transcript, and it is insisted that in the absence of this we have no power to determine the question.    But in sustaining the plea and in dismissing the city of Houston it is to be presumed that the court sustained the plea of the city of Houston, and since that appears in the record we know what the court's ruling was.    We think the court was in error in sustaining the exception.    The proceeding involved one transaction and one liability, and, since it is

averred in the petitions in intervention that the Water Company in the compromise of the litigation had paid the city of Houston $100,000 to reimburse the insurance companies, we think it clear that the cause of action as alleged was against the city. It matters not, in our opinion, that the contract between Loweree and the city may have been unlawful and not binding upon the city, in that it created and perpetuated a monopoly, because, as we understand the law, the city received a sum of money from the Water Company to reimburse the insurance companies; that could be shown without going into the contract, and hence the invalidity of the contract would be no ground for holding that the insurance companies could not recover the money from the city which had been paid to it for them. It is clear to our minds, therefore, that the petitions alleged a cause of action against the city and it was error in the court to dismiss the city from the action. It may be that if the contract was illegal upon the ground alleged, the Water Company could have been properly dismissed from the action, but that would be no reason for dismissing as to the city also, the only party against which a cause of action was alleged.

After having sustained the plea in abatement, which was in fact an exception to the petition for misjoinder of parties, and having upon such exception dismissed the city of Houston from the suit, the court heard the demurrer to the petitions of the insurance companies, based upon the ground that the contract between the city and Loweree was in violation of section 26 of article 1 of the Constitution, which section declares, that "all free men when they form a social compact have equal rights, and no man or set of men is entitled to exclusive separate public emoluments or privileges, but in consideration of public services," and sustained the demurrer upon that ground and gave judgment for the defendants. Insofar as it was held by that ruling that the contract was illegal and void so far as a recovery was sought by the insurance companies by reason of their subrogation to the rights of the city against the Water Company, we are of opinion, that the action of the court was correct. We could not hold otherwise without overruling the cases of the city of Brenham v. Brenham Water Company (67 Texas, 542), and Edwards Co. v. Jennings (89 Texas, 618), for which no good reason suggests itself to our minds.

But it seems to us that in its ruling the trial court lost sight of the fact that in each of the petitions of intervention by the insurance companies it was alleged that in the compromise and settlement of the questions in controversy between the city and the Water Company the Water Company had paid the city the sum of $100,000 to satisfy the claims of the insurance companies. That upon such a state of facts the insurance companies would have a right to the satisfaction of their respective demands out of the fund so paid can not be successfully questioned. In Floyd v. Patterson (72 Texas, 202), we said: "In these cases, and in many similar ones which need not be cited, it is held that the cause of action is not dependent upon the illegal transaction. When the plaintiff shows that the defendant has received of a third

party money for his use, the law from the naked fact implying a promise, the case is made out without going into the illegal transaction, and the defendant will not be permitted to set up the illegality of the original contract in order to defeat a recovery." The principle so announced is decisive of this question. If, as alleged, the $100,000 was paid to the city for the purpose of meeting the demands of the interveners, upon the simple proof of the fact the case is made out, without entering into the contract from which the claim arose.

It follows that although the court correctly held that by reason of the illegality in the contract between the Water Company and the city the insurance companies could not recover upon it by reason of subrogation or substitution to the rights of the city, we are of opinion that it erred in holding that the insurance companies could not recover the money which was alleged to have been paid to the city for their benefit.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*