MOORHOUSE v. KING COUNTY LAND & CATTLE CO. et al.

(Court of Civil Appeals of Texas. San Antonio. June 21, 1911. Rehearing denied Oct. 4, 1911.)

1. APPEAL AND ERROR (§ 912*)—REVIEW —PRESUMPTIONS.

The court on appeal from a judgment sustaining a plea of privilege of several defendants to be sued in the county of their residence, instead of the county in which the action was begun, and in which codefendant, a corporation, had its place of business, must assume that such defendants were not at the time of the commencement of the suit, or at the time of the service of process, or at the time of the filing of the plea, residents of the county in which the action was begun, but that each was a resident as alleged in the plea.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3689; Dec. Dig. § 912.*]

2. VENUE (§ 22*)—PRIVILEGE—COUNTY OF RESIDENCE.

Where a petition in an action against a corporation and individuals, brought in the county in which the corporation had its place of business, showed that a cause of action against the corporation was separate and severable from that alleged against the individuals who resided in another county, the individuals could not be deprived of their privilege of being sued in the county of their residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

3. VENUE (§ 41*)—PLEA OF PRIVILEGE—DISPOSITION.

Where nonresident individuals, joined as defendants with a corporation in an action begun in the county in which it had its place of business, filed pleas of privilege to be sued in the county of their residence and of misjoinder of actions and parties, the court properly acted first on the plea of privilege, and determined whether the petition stated one cause of action against the individuals and the corporation, or causes of action so blended as to make them inseparable, and its action on adjudging that the cause of action against the corporation was severable from that alleged against the individuals in changing the venue of the case against the individuals to the county of their residence in compliance with Rev. St. 1895, art. 1194c, added by acts 30th Leg. c. 133, was proper.

[Ed. Note.—For other cases, see Venue, Dec. Dig. § 41.*]

Appeal from District Court, King County; Jo. A. P. Dickson, Judge.

Action by P. E. Moorhouse against the King County Land & Cattle Company and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

The appellant brought this suit against King County Land & Cattle Company, a domestic corporation, and W. A. Nash, M. O. Spikes, and W. E. Pickard, in the district court of King county, on March 14, 1910, for specific performance of a contract to convey land and cattle, and for usurious interest, or, in the alternative, for a cancellation of the transfer of his stock in said corporation on the grounds of fraud and duress, for specific performance of a contract on part of defendants to conduct and operate a cer-

tain cattle ranch and for the value of $2,000 of stock in said corporation; and, further, in the alternative, for cancellation of a deed to the ranch property made by appellant and wife to defendant corporation for the value of $2,000 of stock in said corporation and for usurious interest. The appellees W. A. Nash, M. O. Spikes, and W. E. Pickard answered by plea of personal privilege to be sued in the court of the county of their residence, by plea of misjoinder of causes of action, and by plea of misjoinder of parties defendant, all of which pleas were filed, in the order stated, on May 2, 1910, after which they filed a general and special exceptions to appellant's petition, and answered to the merits. Appellee King County Land & Cattle Company pleaded misjoinder of actions and parties defendant, excepted generally and specially to appellant's petition, and adopted the answer of its codefendants to the merits. On May 3, 1910, the court sustained the plea of privilege of appellees Nash, Spikes, and Pickard, and ordered the venue of the case as to them changed to the district court of Kaufman county, conditioned upon appellant's election to pursue his suit as against them. Upon the same day the court sustained certain special exceptions of the appellee King County Land & Cattle Company to appellant's petition, then called the case, as against said company, for trial, and, appellant declining to amend his petition or proceed further in the case, judgment was rendered that he take nothing by his suit against said company, and that it go hence without day.

Coombes & Coombes, for appellant. Jos. Young and Terry & Brown, for appellees.

NEILL, J. (after stating the facts as above). [1] It must be assumed in favor of the ruling of the court that each of appellees Nash, Spikes, and Pickard was not at the institution of this suit, nor at the time of service of process on him, nor at the time of filing his plea of privilege, a resident of King county, but that each was a resident at the time his plea was filed of Kaufman county, Tex. Indeed, these facts are not controverted, but are virtually admitted by appellant in his pleadings and brief.

[2] No ground is shown which would defeat their plea of privilege, unless it be that plaintiff's allegations show that his cause of action against their codefendant, King County Land & Cattle Company, whose place of business is King county, Tex., is the same or is so intimately connected or blended with his cause of action against said company as to render them inseparable or inseverable. It clearly appears from the allegations in plaintiff's petition that, if it alleges any cause of action against said corporation, it is entirely separate, distinct, and severable

from that alleged against its codefendants, and therefore could not deprive them of their privilege of being sued in the county of their domicile. The position of appellant that, because the court did not act upon appellees' pleas of misjoinder of actions and of parties, before acting on the pleas of privilege, the latter were waived, is untenable.

[3] In the natural order of disposition, the pleas of privilege were the first required to be acted upon by the court; and it was essential to a proper disposition of them that the court should determine whether, regardless of pleas of misjoinder of actions or of persons, plaintiff's alleged cause of action was the same against the parties pleading privilege as against their codefendant, or were so blended as to make them one, inseparable and inseverable. Its action sustaining such pleas carries with it the implication that the court found that the cause of action alleged against Nash, Spikes, and Pickard was essentially different and separable from that charged against their codefendant. In view of this, it became the duty of the court to order the venue of the case, as against said defendants, changed to the district court of Kaufman county, Tex. Article 1194c, Rev. Stats., added by Acts 30th Leg. p. 249. The plaintiff, after the court had sustained the King County Land & Cattle Company's exceptions to his petition, which went to the validity of its substance, having failed to amend, nothing was left for the court to do save enter a judgment on said exceptions in favor of said defendant.

The judgment is affirmed.