GALVESTON DRY GOODS CO. v. MITCHELL et al. (No. 5333.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 25, 1914.)

VENUE (§ 22*)—PRIVILEGE—COUNTY OF DOMICILE—JOINDER OF PARTIES AND CAUSES.

Defendant W., who alone owed plaintiff on a note, not being a necessary party to the sole cause of action asserted against defendant G. for money which had come into its hands for the benefit of plaintiff, though it had received it by virtue of an arrangement with W. that it should pay it to plaintiff, joinder of W. as defendant did not deprive G. of right to assert its privilege of being sued in the county of its domicile.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

Appeal from Hidalgo County Court; James H. Edwards, Judge.

Action by the Planters' State Guaranty Bank against T. W. Mitchell and another. Judgment for plaintiff, and defendant Galveston Dry Goods Company appeals. Affirmed in part, and in part reversed, with instructions.

Claude Pollard and E. H. Crenshaw, Jr., both of Kingsville, and I. Lovenberg, Jr., of Galveston, for appellant. Robt. J. Smith, of Mercedes, for appellees.

MOURSUND, J. The Planters' State Guaranty Bank sued T. W. Mitchell and the Galveston Dry Goods Company, alleging: That May 20, 1913, said Mitchell executed and delivered to E. R. Edwards his promissory note for $214.30, which was on the same day, for a valuable consideration, sold and transferred to plaintiff; that subsequently, in the year 1913, the Galveston Dry Goods Company collected $3,000 upon a fire insurance policy in favor of said Mitchell, upon the promise and agreement of said company to distribute said sum pro rata among certain creditors of said Mitchell; that plaintiff was designated as one of said creditors under the description "Mercedes Bank," or "the bank at Mercedes," and plaintiff was thereupon immediately notified by Mitchell of said arrangement, and plaintiff thereupon acquiesced in said arrangement and agreed thereto, it being understood and agreed that claims aggregating $3,900 should share in such distribution, each to the extent of 80 per cent. of its amount; that said company, in disregard of such agreement and arrangement, distributed said fund without paying plaintiff anything, or at least so advised plaintiff, and now refuses to account to plaintiff for any part thereof. Plaintiff prayed that it have judgment for its debt, interest, and attorney's fees.

Mitchell answered, by alleging the same agreement with the Galveston Dry Goods Company set up by plaintiff; that plaintiff had agreed to such arrangement, and to accept its proportionate part of its debt in full settlement of its claim against Mitchell; that said company had informed him that it had distributed the fund as agreed; and he therefore averred that plaintiff had been paid by said company 80 per cent. of its claim. He prayed that plaintiff take nothing by its suit.

The Galveston Dry Goods Company filed a plea of privilege to be sued in Galveston county. Its answer consisted of a general demurrer, two special exceptions, and denials sufficient to put in issue all allegations in the petition except that it collected the $3,000 and greed to distribute pro rata among certain creditors of Mitchell. It specially denied that plaintiff was designated as one of said creditors, either by its proper name, or as the Mercedes Bank, or as the bank at Mercedes, and that it was directed by Mitchell to pay any part of said sum to plaintiff, and alleged that it distributed the fund among the creditors listed by Mitchell, with the exception of one creditor, William D. Cleveland & Sons, who refused to accept their pro rata, amounting to $201.05, and thereupon it paid said sum to Mitchell.

The plea of privilege and exceptions were overruled, and upon a trial before the court judgment was rendered in favor of plaintiff against both defendants for $177.15. The Galveston Dry Goods Company appealed.

It is contended that the plea of privilege should have been sustained; also that special exceptions should have been sustained, which set up that the petition shows a misjoinder of parties and causes of action, in that the cause of action by plaintiff against Mitchell is wholly severable and distinct from and independent of the cause of action as alleged against the company, and that therefore the county court of Hidalgo county did not have jurisdiction to try said cause as between plaintiff and the company, a resident of Galveston county.

The only cause of action which the bank had against Mitchell was that upon the promissory note. The Galveston Dry Goods Company was not responsible as a maker, indorser, or guarantor of the promissory note. The cause of action asserted against the Galveston Dry Goods Company was for mon-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ey which had come into its hands for the benefit of the bank. It had received this money by virtue of an arrangement with Mitchell; but, in order to recover, it was only necessary for the bank to show that the Dry Goods Company had received a sum of money upon the agreement to pay the same to the bank. Mitchell was not a necessary party to a suit of that kind.

We therefore conclude that, upon the cause of action asserted against the Galveston Dry Goods Company, the latter was entitled to be sued in the county of its domicile; it having been shown that the dry goods company was a corporation whose principal office was situated in Galveston county, Tex., that it had no agent or representative in Hidalgo county, that the cause of action did not arise in Hidalgo county, and that it had not promised to pay the money in said county. The privilege to be sued in the county of the domicile is a valuable one, and litigants cannot be deprived thereof by the joinder of causes of action which are separate and distinct. Thomas v. Walsh, 44 Tex. 160; McDaniel v. Chinski, 23 Tex. Civ. App. 504, 57 S. W. 922; Williams v. Robinson, 63 Tex. 576; First State Bank of Flatonia v. Valenta et al., 33 Tex. Civ. App. 108, 75 S. W. 1087; Hartford Fire Ins. Co. v. City of Houston, 102 Tex. 317, 116 S. W. 36; Behrens Drug Co. v. Hamilton, 45 S. W. 622; Lumpkin v. Blewitt, 111 S. W. 1072; Moorhouse v. King County Land & Cattle Co. et al., 139 S. W. 883; Stephens v. First Nat. Bank, 146 S. W. 620; Ft. Worth Horse & Mule Market v. Smith, 149 S. W. 200.

As between the bank and the defendant Mitchell, the judgment appealed from is affirmed; but as between the bank and the Galveston Dry Goods Company, it is reversed, with instructions to sustain the plea of privilege and dismiss that part of the case.

Affirmed in part, and in part reversed, with instructions.