## FIRST NAT. BANK OF BOWIE et al. v. BULLS. (No. 10010.)

(Court of Civil Appeals of Texas. Fort Worth. June 10, 1922. Rehearing Denied July 1, 1922.)

1. Venue ⬤⇔22(3)—To sustain venue as against plea of privilege, plaintiff must allege and prove cause against resident defendant.

Where, in an action against three defendants begun in M. county, the nonresident defendants filed plea of privilege to be sued in H. county, which plea was in compliance with Vernon's Ann. Civ. St. Supp. 1918, art. 1903, and plaintiff filed a controverting answer in which venue in M. county against those defendants was claimed under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 4, in order to sustain venue against the nonresident defendants in M. county, it was necessary for plaintiff to allege and prove some cause of action against the resident defendant.

2. Pleading ⬤⇔8(8)—Allegation that bank was obligated to pay proceeds of cotton to plaintiff held conclusion.

Allegation that cotton was sold by nonresident defendants, and that it was their duty to remit the proceeds to defendant bank, which was bound and obligated to pay the same to plaintiff, was a mere conclusion of law, and not an allegation of fact.

3. Venue ⬤⇔22(3)—Where petition failed to state joint cause of action against resident and nonresident defendants, plea of privilege should have been sustained.

In an action against three defendants begun in M. county, where two of them filed a plea of privilege to be sued in H. county, and where, under any possible construction of the evidence introduced, if there was any liability to plaintiff that liability was not a joint liability of the defendants, but a separate and single liability of one or the other of those defendants alone, the plea of privilege should have been sustained.

Appeal from District Court, Montague County; C. R. Pearman, Judge.

Action by E. F. Bulls against the First National Bank of Bowie, Tex., and others.

From an order overruling their plea of privilege, defendants Samuel L. Gohlman and another appeal. Reversed and remanded.

Taylor, Allen, Muse & Taylor, of Fort Worth, and Cole & Cole, of Houston, for appellants.

Benson & Benson, of Bowie, for appellee.

DUNKLIN, J. Samuel L. Gohlman and Jamison E. Lester have appealed from an order of the district court of Montague county overruling their plea of privilege to be sued in the county of their residence. The suit was instituted by E. F. Bulls against those defendants and the First National Bank of Bowie. The bank was alleged to have its principal office and place of business in Montague county, in which county the suit was instituted. In the plaintiff's petition it was alleged that the defendants Gohlman and Lester resided in Harris county.

The cause of action asserted in plaintiff's petition was substantially to the effect that he desired to have six bales of cotton owned by him shipped to and sold in Houston, Tex., and to accomplish that purpose he consulted the cashier of the bank, and engaged him to ship the cotton to Houston, consigned to Gohlman and Lester, with instructions that they sell the same promptly for the best price obtainable, all for plaintiff's account, and remit the same to the bank for plaintiff's benefit; that in obedience to those instructions the bank did ship the cotton to Gohlman and Lester, who sold three bales of the cotton, the proceeds of which sales the bank and Gohlman and Lester failed and refused to deliver to the plaintiff.

It was further alleged that the remaining three bales of cotton were never sold by Gohlman and Lester, and that those defendants and the bank had converted those three bales to their own use and benefit. Plaintiff sought a recovery against each and all of the defendants for the amount of the proceeds of the three bales of cotton that were sold, and for the value of the remaining three bales, which, according to the allegations in the petition, were not sold, but were converted by all the defendants.

The defendants Gohlman and Lester filed their plea of privilege to be sued in Harris county, where they resided. The plea was in strict compliance with article 1903, 1st Sup. V. S. Tex. Civ. Statutes. The plaintiff filed a controverting answer to that plea, in which venue in Montague county against those defendants was claimed, by virtue of subdivision 4 of article 1830, V. S. Tex. Civ. Statutes, which reads as follows:

"Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants resides. Provided that the transfer or assignment of note or choice

of action shall not give any subsequent holder the right to institute suit on such note or choice of action in any other county or justice precinct than the county or justice precinct in which such suit could have been prosecuted if no assignment or transfer had been made."

Upon a hearing of the plea, evidence was introduced which is shown in the statement of facts filed here.

[1] In order to sustain the venue against the appellants in Montague county, it was necessary, at all events, for plaintiff to allege and prove some cause of action against the resident defendant, the First National Bank of Bowie. See Bingham v. Emanuel (Tex. Civ. App.) 228 S. W. 1015, and authorities there cited; Gambrel v. Tatum (Tex. Civ. App.) 228 S. W. 287; Galveston Dry Goods Co. v. Mitchell (Tex. Civ. App.) 171 S. W. 278.

[2] With respect to the claim based upon the three bales of cotton that were sold, the petition failed to allege any facts to show the liability of either the bank or of the defendants Gohlman and Lester. After alleging the fact that three bales of the cotton were sold by defendants Gohlman and Lester, and that it was their duty to remit the proceeds to the bank, which was bound and obligated to pay the same to the plaintiff, there was a further allegation that the proceeds of such sale were owing to the plaintiff by the defendants, who had refused payment therefor. That allegation was a mere conclusion of law, and not an allegation of fact. There was no allegation as to whether or not such proceeds had been sent to the bank by Gohlman and Lester. If the bank never received the money, then, according to plaintiff's own allegations, it was not liable to him therefor. If the proceeds were sent to the bank, then defendants Gohlman and Lester were not liable to the plaintiff, since, according to other allegations in the petition, that was the extent of their duty with reference to those funds. Furthermore, plaintiff offered as a witness upon the trial of the plea the cashier of the bank, whose testimony was not controverted by any other witness. According to his testimony all six bales of the cotton in controversy were shipped by the witness to the defendants Gohlman and Lester, in Houston, and were sold by those defendants, and the proceeds, less the commission for selling, had been sent to the bank. But the money so received, through mistake, had been turned over to another person who had shipped cotton about the same time that plaintiff's cotton was shipped, and under the same arrangement for its disposition. According to letters written by appellants to the bank, the proceeds of the sale of plaintiff's cotton were identified by appellants when they remitted the same to the bank in the same manner as plaintiff's cotton was identified by the cashier of the bank in a letter to appellants notifying them of the shipment of the cotton. The cashier was unable to specifically deny the correctness of the statements in those letters, but was under the impression that he had correctly identified plaintiff's cotton, and that the confusion resulted from a mistake made by Gohlman and Lester when they remitted the proceeds.

[3] At all events, the uncontroverted proof refuted the allegation that Gohlman and Lester had converted the three bales of cotton, and refuted the allegation that they had failed and refused to send the proceeds of the other three bales to the bank, which, according to plaintiff's own allegation, it was their duty to do. Under any possible construction of the evidence introduced, if there is any liability to the plaintiff that liability is not a joint liability of the bank and appellants but is a separate and single liability of one or the other of those defendants alone, and that fact is a further reason why the plea of privilege should have been sustained. Moorehouse v. King Co. Land & Cattle Co. (Tex. Civ. App.) 139 S. W. 883; Galveston Dry Goods Co. v. Mitchell (Tex. Civ. App.) 171 S. W. 278, and other decisions there cited.

If the bank is liable at all, it is liable for its failure to turn over the proceeds of the cotton to the plaintiff after the same had been sent to it by the other appellants. If Gohlman and Lester are liable at all, they are liable for a possibly negligent mistake made by them in failing to properly identify the funds, the proceeds of the sale of plaintiff's cotton, when they made the remittance to the bank. Liability upon that theory was not alleged in plaintiff's petition, and, if it had been, it would have excluded any liability on the part of the bank, and, under the authorities above cited, the naming of the bank as a defendant also, under such circumstances, would not have overcome the plea of privilege.

For the reasons indicated, the judgment of the trial court overruling the appellants' plea of privilege is reversed, and the cause is remanded, with instruction to the clerk of the trial court to order a transcript of the cause of action asserted against appellants to the district court of Harris county, in accordance with the statutes in such cases made and provided.

Reversed and remanded.