## FIRST TRUST JOINT STOCK LAND BANK OF CHICAGO v. MORRISON.

### No. 13348.

Court of Civil Appeals of Texas. Fort Worth.

March 20, 1936.

Lawther & Cramer and Wm. M. Cramer, all of Dallas, for appellant.

Cogdell & Burleson, of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

The First Trust Joint Stock Land Bank of Chicago, doing business in the city of Dallas, Tex., has prosecuted this appeal from an order overruling its plea of privilege in a suit by H. H. Morrison against it for a real estate commission alleged to be owing to him by the defendant for procuring a sale of 690 acres of land out of a tract of 1,510 acres situated in Tarrant county.

The suit was instituted in the district court of Tarrant county, and the defendant's plea of privilege was in statutory form. In reply to that plea, the plaintiff filed a controverting affidavit. Both in his petition and in the controverting affidavit it was alleged that Mr. W. E. Thompson, representing the defendant bank in Dallas, Tex., listed with him, the plaintiff, for sale a tract of 1,510 acres of land situated in Tarrant county, and agreed to pay him a broker's commission of 5 per cent. for his services in procuring a purchaser for that tract as a whole and at the price of $30 per acre.

According to further allegations, plaintiff found a prospective purchaser in the person of H. Ben Lotspeich and took him out and showed him the land; that Lotspeich declined to purchase the whole tract, but offered to purchase 690 acres of it, at $30 per acre cash; that offer was submitted to Mr. Thompson, the defendant's representative, and was declined because the tract had been listed as a whole, with the understanding that the bank would not accept a purchaser for less than the whole.

It was further alleged that thereafter the bank did sell 690 acres of the tract to said Lotspeich at the price of $30 per acre cash, and that plaintiff's efforts were the procuring cause of that sale.

Plaintiff sued for a commission of 5 per cent. on the amount realized from that sale, and, in order to fix venue in Tarrant county, under subdivision 27 of article 1995, Rev.Civ.Statutes, he alleged both in the petition and in the controverting affidavit that his cause of action, or at least a part thereof, accrued in Tarrant county, by reason of the fact that he drove with Lotspeich some 10 or 12 miles to show him the land, and, after inspecting it, Lotspeich agreed to buy the 690 acres at the price stated.

Upon the hearing of the plea of privilege, and in order to discharge the burden of making a prima facie showing of liability on the part of the defendant, plaintiff testified, and his testimony was the only evidence offered. According to his testimony, the entire tract was listed with him by Mr. Thompson for a sale as a whole, with the specific understanding that

the bank would not sell it in piecemeal. Plaintiff further testified that he communicated to Mr. Thompson the offer made by Lotspeich to buy the 690 acres at $30 per acre cash, and Mr. Thompson declined the offer because it was not for the entire tract. According to his further testimony, the property had been listed with Brown Harwood, another broker, and Lotspeich's offer to buy the 690 acres was submitted to the bank in writing by both plaintiff and Harwood, and was declined because of the fact that the bank was not willing to divide the tract and keep a part of it.

According to plaintiff's further testimony, Harwood then interested other purchasers, who, together with Lotspeich, purchased the entire tract at one time, Lotspeich agreeing to take the 690 acres, but with the understanding that, if the other purchasers failed to take the remainder of the tract, the bank would not be obligated to convey to Lotspeich the 690 acres, and the deal was closed upon that basis, and the bank paid Harwood a commission for the sale of the entire tract.

■ It is elementary that, in order to recover the commission, the burden was upon the plaintiff to show that his efforts were the efficient and procuring cause of the sale made to Lotspeich of the 690 acres.

We quote the following from 7 Tex. Jur. p. 475, § 79: "An approved definition of 'procuring cause' is as follows: 'By the term "procuring cause"—is meant that cause which in a natural and continued sequence, unbroken by any new independent intervening cause, produces the event without which it would not have occurred.'"

Also section 82, p. 479, same volume: "Although the broker may have been the person who brought the property to the attention of the buyer, or introduced the buyer to the owner, thereby initiating negotiations between them, yet he is not entitled to recover commission where it further appears that, after he had made an unsuccessful effort to induce the buyer to purchase the property and had ceased his efforts to accomplish that result, all without fault on the part of the owner, the sale was then made as the result of independent negotiations directly between the owner and the buyer or through the medium of some other broker." See, also, Parkey v. Lawrence (Tex.Civ.App.) 284 S.W. 283, and numerous decisions there cited.

We believe that plaintiff's testimony, referred to above, shows that the sale of the entire tract would not have been made but for the efforts of Brown Harwood; in other words, that plaintiff's efforts were not the sole procuring cause of the sale, which is the basis of his suit. Plaintiff did not have the exclusive agency for the sale of the land; it was listed at the same time with Brown Harwood, under the same terms as the listing with plaintiff. Whether or not plaintiff would have been entitled to share with Harwood in the commissions for the sale of the entire tract is an issue not presented in plaintiff's pleadings.

It appears from plaintiff's testimony that, after he had submitted to the bank Lotspeich's offer to buy the 690 acres and that offer had been refused, he made no further effort to sell the entire tract, and the sale later made of the whole tract was solely through the efforts of Harwood.

■ It is our conclusion that the plaintiff failed to make, prima facie, proof of liability, and therefore the court erred in overruling defendant's plea of privilege. First Nat. Bank v. Bulls (Tex.Civ.App.) 243 S.W. 577.

Accordingly, the judgment of the trial court is reversed, and judgment is here rendered sustaining defendant's plea of privilege, and the cause will be remanded to the trial court, with instructions to the clerk to make out and forward to the clerk of the district court of Dallas county, to which venue is hereby changed, the record required by the statutes in accordance with such cases made and provided.