Wheeler, J.
The only error assigned which requires notice relates to the improper joinder of the defendants.
It is apparent on the face of the petition that the defendants Foster, DeWitt, and Conn were improperly joined. They had no interest in the subject-matter of the suit. They do not come within any of the exceptions which, under certain circumstances, have been allowed to the rule, that only those who have an interest in the suit, and against whom there can he a decree, can be made par *88 ties. (1 Daniel’s Ch. Pl. and Pr., ch. 5, sec. 4. pp. 342, 346, Am. ed.; Story’s Eq. Pl., secs. 231, 232, 234, 233.) A mere participation in the fraud practiced by tlie defendant Johnson was not, of itself, sufficient to render the other defendants liable to be joined in the action ; and, as to them, the petition showed no cause of action. Their improper joinder would not, it is true, be a ground for dismissing the suit as to him. And it is also true that in chancery none but those improperly joined can take advantage of the misjoinder. (Id., secs. 232, 237, 544.) This rule, however, is to be regarded as a rule of practice adopted for convenience and observed in courts of chancery, rather than as matter of principle obligatory here. In our remedial system, the rules of practice are, in general, the same in all cases, whether of iegal or equitable cognizance. Pules peculiar to forums whose jurisdiction is restricted to cases either at common law or in equity must frequently be inapplicable, and cannot be obligatory in our courts, where botli jurisdictions are blended and may be exercised in the same case, and no distinction exists between legal and equitable remedies. That a cause may be exclusively of equitable cognizance, does not, in our practice, require the application of the rules of practice observed in courts of chancery. (Hardy v. De Leon, 3 Tex. R.)
Note 19. — Cramer v. Hernstadt, 41 T., 014.
Note 20. — Emmons v. Oldham, 12 T., IS; Andrus v. Pettus, 30 T., 108.
The improper joinder of parties who have no interest in tire litigation, and against whom no decree can be rendered, may operate to tlie prejudice of tiloso who are properly sued. It may occasion harassing delays, and a needless and, it may be, an oppressive accumulation of costs, to be visited ultimately upon those properly sued. The present ease was continued, after the appearance of tlie defendant Johnson, to obtain service on those improperly joined, and an increase of costs has been occasioned by the misjoinder, which, by the judgment, lie may be compelled to pay, in tlie event of their insolvency. These are consequences to which the defendant ought not to be subjected; and we see no good reason why lie ought not to be permitted to urge tlie objection. It would have been a better practice, more in consonance with justice, to have dismissed the suit as to those improperly joined, when the objection was made and tlie misjoinder first brought to the notice of tlie court. Blit, however tlie court should have decided oil tlie demurrer, at the trial, when it appeared that there was no evidence in any way adecling tlie defendants improperly joined, the court, proceeding to make a final decree and to do complete justice between all tlie parties, ought to have dismissed the case, as to those improperly joined, at the costs of the plaintiff; and this, although they had suffered judgment to go by default. The rule of practice, prescribed by tlie statute, where the defendant may bo in default for tlie waut of an answer, does not authorize a judgment against him, even for costs, when it manifestly appears that as to him. tiiere was no cause of action.
Tlie writ of error is prosecuted by the defendant Johnson alone, the others not joining. But his liability has been increased by the misjoinder. He is subject to be proceeded against directly for all tlie costs; and, in case of the insolvency of the other defendants, lie is liable ultimately to the payment of the whole. The judgment is, in this respect, erroneous. It must therefore be reversed, and tlie defendant Johnson adjudged to pay those costs only, incurred in prosecuting the. suit against himself, and tlie plaintiff to pay all tlie costs incurred by the joinder of the other defendants. Tlie verdict was warranted by the evidence, and tlie judgment upon it, as to the subject-matter of tlie suit, the rescission of tlie contract, is substantially correct. But, as tlie court erred in not dismissing the suit as to those against whom tiiere was no cause of action, and in awarding costs, we are of opinion that the judgment be reversed, mid such judgment be now here rendered as the court below ought to liave rendered; and that it be remanded to the District Court, with instructions that, tlie costs be tiiere taxed in accordance witli tlie judgment of this court, and for execution thereof.
Ordered accordingly.