WILLIAM GARRETT v. JOHN H. BROOKS.

1. SLAVERY, WHEN ABOLISHED IN TEXAS.—No written law abolished slavery in Texas until the 18th of December, A. D. 1865; but before that time the military forces of the United States had silenced and struck down the laws of the State; and the proclamation of General Granger, dated June 19, 1865, declaring Abraham Lincoln's emancipation proclamation, may be regarded as the definite period from which the destruction of the right to hold slaves in Texas may be dated.

2. SLAVERY.—A note executed April 1, 1865, for the purchase money of a negro then sold as a slave in Texas, would be binding on the maker.

ERROR from San Augustine. Tried below before the Hon. M. Priest.

Suit on promissory note brought by William Garrett against John H. Brooks. The note was for $400 gold, signed by Brooks, and bore date April 1, 1865. Brooks pleaded a failure of consideration, and alleged that there was an error in the date of the note; that it was executed on the 5th July, 1865, for the transfer on that day by Garrett of his right, title, and interest in a negro man named Mills, then sold as a slave, and that when said note was

executed, property in slaves had ceased to exist in Texas. To this answer exceptions were filed, which were overruled.

The court instructed the jury that slavery had ceased to exist in Texas on the 19th day of June, 1865, and that if they found that the note was signed on the 5th day of July, 1865, they would find for defendant, but if it was signed on the 1st of April, they would find for plaintiff.

Verdict for defendant.

*Peyton F. Edwards* and *Rufus Price*, for plaintiff in error.

*W. W. Wallace*, for defendant in error.

DEVINE, ASSOCIATE JUSTICE.—The plaintiff in error brought suit on a note for $400, executed about the 5th of July, 1865, but dated as of April 1, 1865. The defendant denied all indebtedness; alleged that the consideration of the note was the transfer to him by plaintiff of a negro man named Miles, as a slave for life; that the true date of the note and of the sale was not April, but in truth was about the 5th of July, 1865; and that there was a total failure of consideration, as slavery had ceased to exist in Texas before the sale of the negro Miles and the execution of the note sued on.

The exceptions of plaintiff to the answer of defendant were overruled, and the jury returned a verdict for defendant.

The plaintiff sued out a writ of error, and assigns as grounds for a reversal of the judgment, the overruling of plaintiff's objection to defendant's answer, the exclusion of evidence, the charge of the court, the verdict of the jury, and the refusal to grant a new trial.

The answer presented facts which, if shown on the trial, would have constituted a full defense to the suit; and the court did not err in overruling plaintiff's exceptions to the answer.

The exception to the exclusion of evidence on the sustaining of defendant's objection to the admission of the freedman Miles' statement that he left appellee in the spring of 1866 because appellee shot at him, presents no ground for a reversal.    The negro Miles, under the existing condition of affairs, had a right to remain with or leave the service of appellee, and the cause of his leaving was wholly irrelevant; it had not and could not have any bearing on the issue before the court and jury.

There was no error in the charge of the court that was prejudicial to the rights of appellant or tending to mislead the jury.

The court charged the jury that slavery had ceased to exist on the 19th day of June, 1865, and that it was the duty of the jury to inquire what was the true date of the signing of the note, whether the 1st of April or the 5th of July, 1865; and if they found the former, then to render a verdict for plaintiff without further inquiry.    The court further instructed the jury that if they found that the true date of signing the note, and the transaction was the 5th day of July, 1865, as set forth in the bill of sale of the negro Miles of that date, and that the note was given or the contract contemplated a conveyance of his person and labor, and that the note was antedated by the consent of plaintiff and defendant for the purpose of evading and defeating the authorities of the United States in their emancipation policy, that such an agreement could not be enforced, and the verdict should be for the defendant.

It is contended, on behalf of appellant, that the charge was erroneous, and misled the jury, in this, that slavery was not legally abolished in Texas until the adoption of the 13th amendment to the Constitution of the United States, on the 18th of December, 1865.    This view is correct if we limit our consideration to what was the written law.    The existence at the time of the contract of the law of force is, however, to be considered in our inquiry into what was

received by Brooks, or what valuable consideration passed from Garrett to him for the execution and delivery of the note sued on.

The President of the United States, by proclamation dated January 1, 1863, had declared all slaves within the limits of the Confederate States from that date free, with the exception of several counties in Virginia and some parishes in Louisiana, and had pledged the power of the Federal Government to the carrying out of the same. This proclamation was not entitled to, nor did it receive, the slightest respect or consideration from the Government or people of Texas. Throughout the Confederate States it had neither respect nor force, only so far as the success of the federal forces and their occupation of the territory of the Confederate States gave it vitality.

The surrender of the trans-Mississippi department, on the 27th of May, 1865; the proclamation of President Johnson, May 29, 1865, and the publication of what is known as "General Granger's Order No. 3," dated June 19, 1865, (see Pas. Dig., arts. 222 and 223,) may be considered as so many evidences that property in slaves had been abolished, and no longer existed in Texas. The date of General Granger's order or declaration of the proclamation of Abraham Lincoln has been considered as the definite period from which the destruction of the right to hold slaves in Texas is to be dated.

The appellant's brief contends that, as slavery was not legally abolished in Texas until the adoption of the 13th amendment to the Constitution of the United States, in December, 1865, this must be considered a valid contract. Ordinarily this would be so, but the military power of the Federal Government had silenced or struck down (before the date of this contract) the laws of the State and the rights of its citizens; and appellant's title to the ownership of "Miles" was as valueless as it would have been had "Miles" ceased to exist. Slavery was in fact com-

pletely abolished in Texas. Miles was *de facto* free, and has remained so. The appellant had, therefore, no interest to convey at the time, and consequently no consideration for the note was given by appellant.

The bill of sale from plaintiff to defendant of the negro Miles, and the evidence of the witnesses, shows the character of the contract, the nature of the assumed consideration, and the true date of the note. The charge of the court was so framed as to direct the mind of the jury to the real questions in issue. There was no error in the refusal of the court to give the instructions presented on the part of the plaintiff. All that should have been given were presented in the general charge of the court; those not given were not applicable to the present case. Under the charge of the court, if any evidence existed of a consideration for the note having passed from plaintiff to defendant, it is believed the jury would have found in favor of appellant. That evidence was not introduced, and the finding of the jury is supported by the evidence. The court did not err in overruling the motion for a new trial.

The judgment is affirmed.

AFFIRMED.

[Chief Justice ROBERTS and Associate Justice MOORE did not sit in this case.]