### W. F. STEWART & CO. v. JNO. GORDON.

(Case No. 2071)

1. PROBATA ET ALLEGATA—CONTRACTS—JUDGMENTS—Proof of a contract made with G. by S. & Co. will not authorize a judgment in favor of G. in a suit by him on a contract alleged to have been made with himself by S. & Co. and B.

2. MISJOINDER OF ACTIONS—CONTRACTS—TORT—The general rule is, that a cause of action *ex delicto* and a cause of action *ex contractu* cannot be joined in the same suit (Stephens on Pleading, 267; Chitty on Pleading, 199; Pomeroy's Remedial Rights, 456, 479, 483); and if, under the liberal course of procedure adopted in this state, such causes of action can be joined at all, they must be such as the plaintiff in the suit could enforce against all of the defendants.

ERROR from Orange. Tried below before the Hon. Stephen Chenault, special judge.

On July 12, 1882, John Gordon, the appellee, instituted this suit, in the district court of Orange county, against W. F. Stewart & Co. and J. A. Bell, to recover $600 for services rendered, and the further sum of $5,000 as damages for malicious prosecution.

The original petition alleged that, on July 31, 1880, W. F. Stewart, H. Beissner and C. H. Moore, citizens of Galveston county, engaged in business, in the county of Orange, as manufacturers and dealers in lumber, under the firm name of W. F. Stewart & Co., and J. A. Bell, a citizen of Orange county, employed plaintiff, who was at the time engaged in rafting lumber and logs on the Sabine river, to run some six thousand one hundred and thirty-seven pine logs, then lying and floating in Pruitt's lake, about twenty-five miles above the town of Orange, down the river, and place them in the Phœnix mill-boom and the Norris mill-boom, on the west side of the river, near the town, agreeing to pay plaintiff therefor the sum of $600, as soon as the timber was delivered. The petition alleged a compliance, on the part of the plaintiff, with the contract, and a breach thereof, on the part of the defendants. The petition also contains a count for malicious

prosecution of the plaintiff by the defendants, in the criminal courts of Orange county, in which the damages are laid at $5,000.

Defendants Stewart, Beissner and Moore, pleaded to the jurisdiction of the court that they were, at the time of the institution of this suit, and of the filing of their answer, domiciled in the county of Galveston, and had been so domiciled for many years prior thereto; denied that they had contracted, in writing, to perform any obligation in Orange county, and negatived every other fact whereby jurisdiction might have been acquired under the exceptions in the statute. They also negatived the fact that their association, under the name of W. F. Stewart & Co., was other than that of partners, and averred that their co-defendant Bell, who was a resident of Orange county, was no party to the contract declared on, but that he had been made a party defendant for the fraudulent purpose of conferring jurisdiction on the court. They also pleaded a misjoinder of actions, general denial, and specially answering, admitted a verbal contract made by them with plaintiff, on July 31, 1880, by the terms of which plaintiff was to take charge of some six thousand logs, the property of W. F. Stewart & Co., and raft them down the Sabine river into the two booms mentioned in the petition, for which services they were to pay him $600, when performed. They also alleged, that, on the same day, plaintiff took charge of the logs, but instead of delivering them as stipulated, he, the plaintiff, ran many of them into other booms, and fraudulently defaced the brands on a large number, deposited them in a place known as Old River, and afterwards converted them to his own use, for which they pleaded in set-off a claim of $750.

Defendant J. A. Bell, on April 22, 1884, filed a separate answer, in which he pleaded a misjoinder of himself and W. F. Stewart & Co., asserted that he was not a member of that firm, was no party to the contract between the plaintiff and his co-defendants, and had no interest in the subject-matter thereof.

On April 29, 1884, plaintiff filed exceptions to the pleas to the jurisdiction of the court, which were sustained.

It appears, from the uncontradicted testimony in the case, that W. F. Stewart, H. Beissner and C. H. Moore, who composed the firm of W. F. Stewart & Co., were, each of them, before and at the time of the commencement of the suit, domiciled in Galveston county, and had continuously since then been residents of that county; that they were engaged, as a firm, in the lumber business at the city of Galveston, with an agency at Orange; that their association was nothing more than a partnership; that their contract with the plaintiff was an oral contract; and that their co-defendant, J. A. Bell, was no party

to that contract, was not a member of the firm of W. F. Stewart &
Co., but was simply their agent at the town of Orange, in Orange
county.   There was no evidence to sustain the charge of malicious
prosecution.

On the trial of the cause, which was without a jury, the court over-
ruled defendants' pleas of misjoinder and amended pleas to the
jurisdiction, and rendered, as to the defendant J. A. Bell, a judgment
of *nil capiat*, and, as to the defendants W. F. Stewart & Co., a judg-
ment in favor of the plaintiff for the sum of $21.90, with interest from
August 10, 1880.   To the judgment against them W. F. Stewart &
Co. excepted, and have prosecuted their writ of error to this court.

*Wingate & Heart* and *Wheeler & Rhodes*, for plaintiffs in error, on
the question of jurisdiction, cited: R. S., art. 1198.

*John T. Stark*, for defendant in error, that the causes of action were
properly joined, cited: R. S., arts. 647, 649, 650; Penal Code p. 86.

On the question of jurisdiction, he cited: R. S., art. 1198, secs. 7,
8, 21.

STAYTON, ASSOCIATE JUSTICE.—The plea to the jurisdiction, filed
by the persons who composed the firm of W. F. Stewart & Co., neg-
atived the fact that their association was other than partners.   It
alleged the residence of each of them in the county of Galveston, at
the time the action was brought, and its continuance for a long time
prior thereto until the filing of the plea.

It asserted that Bell, who was a resident of Orange county, was no
party to the contract sued upon, and that he was made a party
defendant for the fraudulent purpose of conferring jurisdiction on
the court.   It denied that they had contracted in writing to perform
any obligation in Orange county.   Such was also the effect of the
pleadings of the defendant Bell.

It does not appear upon what ground the court below sustained the
exceptions to the pleas to the jurisdiction.   These pleas only went to
the cause of action based on the contract alleged to have been made
by all the defendants with the plaintiff.   In so far as the action was
one upon the contract set up in the petition, the pleas were good,
and the exceptions should have been overruled.   The evidence intro-
duced on the trial was ample to prove the pleas true.   The judg-
ment in favor of the plaintiff for $21.90, with interest from August
10, 1880, would indicate that the court found that sum to be due on
the contract sued on, for it was alleged to be due on that date.   That

judgment,. however, was only against the persons composing the firm of W. F. Stewart & Co., and the entire judgment went in favor of the defendant Bell. This could not have been if the court had found that Bell was party to the contract, as alleged by the plaintiff.

Proof of a contract made with the plaintiff by only a part of the persons who were alleged to have made the contract with him, would not have authorized a judgment in his favor.

These matters but illustrate the fact,. that the exceptions to the pleas to the jurisdiction should have been overruled, and that the facts stated as to the purpose for which defendant Bell was made a defendant were true.

The plaintiff sought to join with his action based on the contract made with him by Stewart & Co., an action against the persons who composed that firm, and against the defendant Bell, for a malicious prosecution alleged to have been instituted in Orange county.

To this, the defendants pleaded a misjoinder of actions. The two causes of action were separate and distinct. The one based on contract and the other on tort.

The general rule is, that such actions cannot be joined. Stephens' Pleading, 267; 2 Chitty's Pleading, 199; Pomeroy's Remedial Rights, 356, 479, 483.

In view of the facts developed in this case, if such actions can be joined at all, even under the liberal course of procedure adopted in this state, there is an insuperable objection to such joinder in this case.

It is evident that Bell was not a party to the contract sued upon, but, under the pleadings, he was properly a defendant to the action for tort. Thus, we have in this case an action on a contract made by three persons with the plaintiff, joined with one for a tort alleged to have been committed on him by four persons.

The causes of action which may be joined, must be such as the plaintiff may enforce against each of the defendants. The defendant Bell, under the pleadings of the other defendants, and under the evidence offered on the trial, is evidently not liable on the contract sued upon, as it was held upon the facts by the court below. He was made a defendant on that branch of the case solely for the purpose of giving to the court jurisdiction over the other defendants, who were exempt, under the law, from suit in Orange county.

As to so much of the case, it should have been dismissed as to Stewart & Co., on hearing. As to so much of the case as claimed damages for malicious prosecution, the court below, most probably, found in favor of the defendants; if not, the facts proved would not

have justified any other finding. As all the facts bearing on both causes of action are contained in the record, and as the cause was tried without a jury, such disposition of the case will be here made as ought to have been made in the court below.

The judgment of the court below will be reversed, and the pleas to the jurisdiction, as to that part of the cause of action based on contracts, will be here sustained, and so much of the action dismissed. In so far as a recovery is sought for malicious prosecution, the evidence did not justify a judgment for the plaintiff, and as to that cause of action, judgement will be here rendered, that the plaintiff take nothing, and that the plaintiffs in error recover from him all costs in the court below and in this court. It is so ordered.

REVERSED AND RENDERED.

[Opinion delivered January 26, 1886.]