JOHN A. FREY ET AL. v. THE FORT WORTH & RIO GRANDE
RAILWAY COMPANY.

No. 219.

**1. Misjoinder of Actions and Parties.**

Action of trespass to try title against railway company. The defendant, in cross-action, asked that the land sued for be condemned as right of way and depot grounds. It also alleged the execution of two bonds by parties named, conditioned that the obligors would procure depot grounds at Stephensville and right of way through Erath County; asking that the obligors be brought in as defendants, and for judgment for amount ascertained upon condemnation, etc. These obligors demurred, and among other grounds of demurrer urged that the pleading by the railway company "was insufficient to maintain the action sought to be maintained against them on the two bonds sued upon, or to make these defendants parties to this suit."

*Held*: 1. The demurrer raised the question of misjoinder.......... 466

2. The objection was well taken; as the recovery sought upon the bonds was entirely different from that sought by plaintiffs against the defendant. The latter was in tort, the former on contract.......... 467

2. Application for Writ of Error.
    It seems that in acting upon an application for writ of error only the
        grounds of complaint urged will be considered.  See example ....... 467

Application for Writ of Error to Court of Civil Appeals for Second.
District, in an appeal from Erath County.

*Lee Young* and *M. F. Martin*, for application.

STAYTON, Chief Justice.—Application shows that Robert McCart.
and others brought an action of trespass to try title against the Fort.
Worth & Rio Grande Railway Company, to recover a tract of land on
which the railway company had established its depot, and its answer only
claimed the land as right of way and for station purposes, but it prayed.
that the land might be condemned for that purpose.

The railway company, however, alleged that John A. Frey and others,
who were named, had delivered to it their two written obligations, one·
in the sum of $10,000 and the other in the sum of $23,000, conditioned
that they would secure for the railway company 15 acres of land for·
depot purposes in the town of Stephensville, and that they would also
secure, without cost to the railway company, right of way through Erath
County. .There was a prayer that the makers of these obligations should
be made parties to the action, and that upon final trial judgment should
be rendered in favor of the railway company against the makers of these
obligations for such sum as should be adjudged to plaintiffs on condem-
nation of the land.

The parties thus brought into litigation demurred to defendant's plead-
ing through which this was done, and one ground of demurrer was as
follows:  " Because it is wholly insufficient for the defendant company
to have and maintain the action sought to be maintained against these de-
fendants on the two bonds herein sued upon, or to make these defendants
parties to this suit."

The demurrers were overruled, and this ruling was sustained by the
Court of Civil Appeals, on the ground that the joinder of these actions·
and parties was proper, and, as it seems, upon the further ground that.
misjoinder could not be reached by general demurrer.

To avoid misapprehension as to the ground on which writ of error is·
refused, we have thought it proper to say, that the demurrer seems to us
clearly to present the question of misjoinder; and further to say, that the·
joinder of parties and causes of action was improper.

The cause of action asserted by plaintiff against defendant was entirely·
different from that asserted by defendant against parties brought in by it.

One was based on or involved a tort, and the other on contract, and
their joinder was calculated to disturb the orderly course of procedure,.

to occasion delay, and accumulate costs which it might be difficult to properly adjust.    Johnson v. Davis, 7 Texas, 173; Stewart v. Gordon, 65 Texas, 347.

That misjoinder may be waived is doubtless true, and cases including causes of action or parties improperly joined, which have been permitted to go to judgment without objection, have been here affirmed.

In an action of trespass to try title a warrantor may be brought in and a judgment rendered against him.  Johns v. Hardin, 81 Texas, 40; Kirby v. Estill, 75 Texas, 484.    But this is permitted by statute, and would seem to be proper on other grounds.

The case of Pope v. Hays, 19 Texas, 375, seems to have no bearing on the question.

Kellogg v. Muller, 68 Texas, 186, was one in which Muller brought suit against Kellogg & Co. and a sheriff for seizure of goods under attachment sued out by Kellogg & Co., and the sheriff pleaded that before making the seizure Kellogg & Co. had given him a bond of indemnity, on which he asked recovery in event plaintiff recovered judgment.

No objection was made to that procedure, and no ruling was made upon it, but it was held that Kellogg & Co. were not liable, under the terms of the bond, for attorney fees incurred by the sheriff.

Were the matters considered now presented as grounds for writ of error the writ would be granted, but the writ of error is asked on other grounds in reference to which we are of opinion the decision of the Court of Civil Appeals was correct, and the writ will be refused.

Delivered March 8, 1894.