Gulf & Brazos Valley Railway Company v. W. M. Weddington, Receiver.

Decided January 17, 1903.

1.—Appeal—Misjoinder—Harmless Error.

Where in an action against two defendants, one of them pleads a misjoinder of parties and actions in that the causes of action asserted against the defendants respectively are separate and distinct, but upon a trial on the merits judgment is rendered in favor of the defendant so pleading, error of the court in overruling such plea is not reversible error as to the other defendant, in the absence of a showing of injury thereby.

2.—Same—Plea in Abatement—Insolvency of Corporation.

It was not error to overrule a plea in abatement setting up that defendant was an insolvent corporation in the hands of its trustees, where the plea was not sworn to, nor filed in due order of pleading, and no evidence was offered in its support.

3.—Same—Liens.

That the judgment declared plaintiff's lien on the property in controversy superior to that of another defendant who is not complaining, is not reversible error in the absence of a showing of injury thereby.

Appeal from the District Court of Clay. Tried below before Hon. A. H. Carrigan.

*Allen & Wantland* and *Matlock, Miller & Dycus,* for appellant.

*R. E. Taylor* and *P. M. Stine,* for appellee.

SPEER, Associate Justice.—From appellant's statement of the nature and result of the suit as contained in its brief, we take the following as being correct:

This suit was begun by W. M. Weddington, receiver of the Brazos Valley Construction Company, by his original petition filed in the District Court of Clay County, Texas, on the 20th day of January, 1902. The parties defendant to the suit were the Gulf & Brazos Valley Railway Company and E. B. Carver.

The plaintiff sought to recover against said defendant an indebtedness of $40,000.75, which was alleged to be due the construction company by said railway company, and which it was averred the defendant Carver had promised to pay. The plaintiff filed, on April 14, 1902, his first amended original petition, in which he alleged, among other things, that said railway company was indebted to said Brazos Valley Construction Company in the sum of $40,000.75, and that on or about the 12th day of January, 1901, defendant Carver, for a valuable consideration, promised and agreed with the Brazos Valley Construction Company, and the stockholders thereof, and with said Weddington, receiver, that if said construction company would wait a reasonable time for the payment of its indebtedness, that he, said Carver, would pay said indebtedness; that relying upon the promise of said Carver, said indebtedness had been extended, and plaintiff waited a reasonable length of time

thereafter for the payment of said debt; that by his promise Carver had become liable for the payment of said indebtedness.

Carver filed special exceptions to plaintiff's petition, urging that there was a misjoinder of parties and causes of action herein; that he was not a necessary or proper party to this suit, inasmuch as there was no joint liability shown between himself and said railway company, and because the cause of action against him, if any there was, was wholly independent of that urged against the railway company. This exception was adopted by the railway company.

Carver further answered to the merits of the cause, pleading the statute of fraud as to his promise, and setting up other matters in avoidance of the action of plaintiff. The defendant, Gulf & Brazos Valley Railway Company, further filed a pleading in abatement, setting up that it was an insolvent corporation; that all of its property had been sold; and that its affairs were in the hands of certain persons, as trustees, and urged that said trustees were necessary parties to said suit. The plea of misjoinder urged by said defendants and the plea in abatement by the railway company were overruled by the court; the cause then came on for trial before the court without a jury on April 19, 1902; a judgment was rendered in favor of plaintiffs against the Gulf & Brazos Valley Railway Company for $16,888.71, with interest from January 1, 1900, at 6 per cent per annum.

The court further found that plaintiff was not entitled to recover as against defendant E. B. Carver. The defendant, Gulf & Brazos Valley Railway Company, filed its motion for a new trial in due time, which was overruled by the court. Defendant railway company excepted to the judgment, and gave notice of appeal to this court; it filed its appeal bond and assignments of error in due time, and brings this cause to this court for revision and correction.

The first assignment of error complains of the action of the court in overruling the plea of misjoinder of parties and causes of action. If the undertaking of defendant Carver to pay the debt due the construction company was a separate and independent contract, and he as such contractor did not properly come within the scope of articles 1204 and 3818, of Sayles' Revised Statutes, yet the judgment of the court being in Carver's favor, not only upon the merits, but as to costs as well, which were adjudged against the plaintiff, the ruling of the court upon the plea, if erroneous, was not reversible. It does not appear that appellant has suffered injury.

The appellant's plea in abatement setting forth the fact that it was an insolvent corporation in the hands of its directors or trustees, naming them, was also overruled, and to this ruling error is assigned. The plea was not sworn to, was not filed in due order of pleading, no evidence was offered in support of its allegations, and no complaint made that the court refused to hear evidence in support thereof. It was properly overruled. Again, the evidence upon trial did not disclose the fact that all of the property, rights, franchises, etc., belonging to appellant rail-

way company had been sold, or that it was an insolvent corporation under article 4555 of Sayles' Revised Statutes. Only that part of the railway extending from Peck City north to Mineral Wells was sold. The whole amount of property owned by the company was not disclosed by the evidence, but it does appear that it owned franchises and other property rights along its line north from Mineral Wells to the Jack County line.

Neither can we sustain the third assignment of error. If the judgment of the court resulted in declaring the lien of appellee superior to the extent of $12,000, to that of the defendant Carver, the assignment does not disclose any possible injury to the rights of appellant. Carver has not appealed, and is making no complaint. Should it be true that his priority over the lien of the appellee construction company ought to be in the sum of $36,300, instead of $24,300, it can make no difference with the railway company whether the construction company or Carver holds the prior lien upon its property. At any rate the assignment does not disclose that the holding resulted in injury to appellant. It did not in any manner whatever alter its position for the worse, upon the strength of the resolution or contract of the construction company waiving its priority in favor of Carver, and is in no attitude to plead or rely upon an estoppel.

The remaining assignments attack the sufficiency of the evidence to support the judgment, which was for the sum of $16,888.71. There is evidence in the record which tends to show that appellee was entitled to recover under the contract with appellant the items for right of way and grubbing, $936; excavation and embankment, $4842; loose rock, $2960; solid rock, $880; masonry, $875.50; bridge material, $2418.20; bridge piling, $540.80; labor on bridges, $925; bridge iron, $200; for right of way, $653; cross ties, $4950; laying iron, $6000 and others. The evidence is sufficient to support the verdict, and no reversible error being assigned, the judgment of the District Court will be affirmed.

*Affirmed.*