CARLA LAND & IRRIGATION CO. v. DIMMIT COUNTY STATE BANK et al.

(Court of Civil Appeals of Texas. San Antonio. March 25, 1914. Rehearing Denied April 22, 1914.)

PLEADING (§ 148*)—CROSS-ACTION—DIFFERENT CAUSE OF ACTION.

Plaintiff sued V. and another on a note and to foreclose a chattel mortgage, executed by V. to secure the note, on certain mules and

farm implements, and alleged that the property was in the possession of an irrigation company, which company denied that the chattels were owned by V. when he executed the mortgage, and alleged that they belonged to it, and V. alleged that when he executed the mortgage he acted as a representative of the irrigation company, and that the money was procured for its benefit, and further alleged by way of cross-bill that before the above transaction he made a contract with the company which it breached, necessitating the expenditure of a certain sum by cross-complainant, and that it also contracted to clear certain land, but failed to do so, that it contracted to construct a flume and failed to do so, and also alleged that cross-complainant was put to certain other expenses by the company's breach of its contract, and prayed damages in the aggregate of such sums. *Held*, that the matters alleged in the cross-bill were extraneous to the cause of action alleged in the petition, so that exceptions should have been sustained to the cross-bill.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 299; Dec. Dig. § 148.*]

Appeal from Dimmit County Court; J. O. Rouse, Judge.

Action by the Dimmit County State Bank against G. W. Vaughn, the Carla Land & Irrigation Company, and another, in which Vaughn and another, filed a cross-bill against the company. From a judgment for plaintiff, and in favor of Vaughn against the company, the latter appeals. Judgment on cross-bill reversed, and judgment rendered dismissing the cross-action, and judgment for plaintiff against Vaughn and another affirmed.

A. L. Matlock and Butler L. Knight, both of San Antonio, for appellant. Vandervoort & Johnson, of Carrizo Springs, for appellee.

MOURSUND, J. The Dimmit County State Bank sued G. W. Vaughn and Arthur Ivy for a balance due upon a promissory note, dated February 13, 1912, and to foreclose a chattel mortgage, executed by Vaughn to said bank, for the purpose of securing the payment of the note, on four mules, one Jersey cow, two Studebaker wagons, and an entire stock of farming implements and accoutrements of every kind in the possession of Vaughn in Dimmit county at the date of the mortgage. Plaintiff alleged that Vaughn failed and refused to deliver the property to plaintiff when demanded for the purpose of selling the same, and that said property was in the possession of the Carla Land & Irrigation Company, which was withholding possession thereof. Plaintiff prayed for judgment on the note against Vaughn and Ivy, and for foreclosure of the chattel mortgage against Vaughn and the Carla Land & Irrigation Company. The Carla Land & Irrigation Company answered by general demurrer, general denial, and a special answer, denying that the property described in the chattel mortgage was owned by Vaughn when he executed such instrument, and alleging that the mules, wagons, hack, and farming implements, tools and accoutrements, except one turning plow and one disc

harrow were then and are now the property of said company, and never belonged to Vaughn; that Vaughn had no right or authority from the company to execute said mortgage. Vaughn and Ivy answered with a general denial and a special answer in which Vaughn admitted the execution of the mortgage, but claimed that he was the sole representative of the said Carla Land & Irrigation Company at that time in Texas, and that the money was procured and used for the benefit of the said company. He alleged further, by way of cross-bill against said company, that about October 24, 1911, he entered into a contract with said company, acting by C. A. Albrecht, treasurer, who was acting within the scope of his authority, by the terms of which agreement said company bound itself to do and perform certain things and to furnish certain moneys, but violated its contract, necessitating the expenditure of $500 by Vaughn, which he would not have expended if said company had not violated its contract; that said company contracted to clear additional land, but failed to do so, and Vaughn had the same cleared at his own expense, in order to have enough land to plant his onions, paying therefor $67; that the company contracted to build a flume, but failed to do so, and Vaughn had such flume constructed at a cost of $122; that under said contract he was to pay for feed when he used the mules, but during four months he did not use them, and was compelled to feed them during said time at an expense of $240, for the benefit of said company; that in feeding guests of the company he was forced to expend $116; that the company owed him $121, one-fourth of the cost of delivering 4,866 crates of onions at Asherton and $15 for three days' work in replacing and repairing windmills; that during the term of his contract the company rented its entire premises, including the part rented to him, to pasture a large number of cattle, and the fence around the 30 acres cultivated by him was in bad condition, so that the cattle broke the same and damaged him in the sum of $450 by destroying his crop and preventing him from planting and raising crops; further that in order to get out of the farm, he was forced to make a mile of road which the company agreed to build, which road cost him $37; that by reason of such wrongful acts and breach of contract by the company he was damaged in excess of $1,000. The Carla Land & Irrigation Company, in answer to Vaughn's pleading, filed a general demurrer, a special exception, a general denial, and a special answer, denying that Vaughn executed the mortgage as the representative of said company, or that he got the money from plaintiff for the benefit of said company, or used same, or any part thereof, for the benefit of said company, and alleged that it did not know, at the time Vaughn executed the mort-

gage and borrowed the money, that he had done so. Said company further denied that Vaughn was its sole agent in Dimmit county at the time the mortgage was executed, and that Vaughn had any right or authority to bind it by the execution of any such mortgage or note, and alleged that if Vaughn executed such mortgage and note, he exceeded his authority, and was acting outside of the apparent scope of his authority, and such acts, if performed as agent of said company, were ultra vires and not authorized, ratified, or confirmed by the company; that said company is a corporation formed under the laws of Texas for the purpose of the erection or repair of any building or improvements and the accumulation and loaning of money for such purposes, and for the purchase, sale, and subdivision of real property in towns, cities, and villages and their suburbs, not exceeding two miles beyond their limits, and for the accumulation and loaning of money for that purpose, and the alleged mortgaging of the company's property to plaintiff by Vaughn to secure the payment of the note sued on was beyond the scope of the power conferred by said company's charter, and therefore void. A verdict was returned in favor of the bank for $358.38 and foreclosure of lien on one cow, one disc harrow and two turning plows, and in favor of Vaughn as follows: Clearing land, $33.50, building flume, $122, feeding mules, $120, feeding prospectors, $111, hauling windmill, $15, hauling onions, $72.84, and damage by cattle, $450, aggregating $924.34, from which the jury deducted a credit of $450.34, due the company for supplies and interest, although no such credit was pleaded, leaving $474.34. Judgment was entered in accordance with the verdict, from which the company appealed.

By the first assignment of error complaint is made because the court overruled appellant's special exception to Vaughn's answer and cross-bill, by which each item of said cross-bill is attacked as an attempt to set up a new and distinct cause of action against the company, not in any way connected with the cause of action set forth in plaintiff's petition, and it is further urged that if Vaughn has any cause of action against the company on account of the matters alleged in said cross-bill, such cause of action is altogether of different and distinct transactions between the company and Vaughn, which have no connection with the cause of action sued upon by plaintiff, and said answer and cross-bill shows a misjoinder of actions. No cause of action is asserted by Vaughn as to the property mortgaged, nor is any asserted against him by the company because he mortgaged the property. No contention was made by Vaughn that the property mortgaged by him had been unlawfully taken from his possession, or that he was, at the time of the suit, entitled to the possession thereof. The mortgaged property belonging to appellant had come into the possession of Vaughn under a lease contract, but he made no contention that such contract gave him the right to keep possession after his tenancy expired, or that such contract created the relation of principal and agent between him and the company, or authorized him to mortgage the property. He undertakes to sue the company for various items of damages arising from its alleged failure to perform the obligations imposed upon it by the lease contract, and for other claims, none of which are connected with the plaintiff's cause of action, and if his suit against appellant can be permitted, we see no reason why in all cases codefendants should not be permitted to litigate between themselves all their claims against each other. Certainly the plaintiff can object to such a proceeding, and a defendant can also object thereto. Appellant was entitled to have his case, as made by plaintiff's pleadings, his answer and Vaughn's answer, determined without the extraneous matters asserted in the cross-bill being injected into the case. The joinder of the cross-bill by Vaughn with that of plaintiff "was calculated to disturb the orderly course of procedure and to occasion delay," and the court should have sustained the exception. Coutlett v. Mortg. Co., 60 S. W. 817; Keel & Son v. Grain Co., 143 S. W. 238; Frey v. Ry. Co., 86 Tex. 465, 25 S. W. 609; Stewart v. Gordon, 65 Tex. 344; Johnson v. Davis, 7 Tex. 173. The assignment is sustained.

All the remaining assignments of error, except the sixth, are based upon the admission of evidence in support of the cross-bill, charges with reference thereto, and the sufficiency of the evidence to sustain certain items thereof. As all these matters should have been eliminated from the case, by sustaining the exception to the cross-bill, we need not consider such assignments.

The sixth assignment complains of the admission of evidence prejudicial to appellant, upon the issues made by the cross-action, and not authorized by any pleadings in the case. Such assignment is, however, also immaterial, in view of the disposition we make of the cross-action. The judgment of the county court overruling the exception and rendering judgment in favor of Vaughn against appellant will be reversed, and judgment here rendered dismissing the cross-action by Vaughn against appellant, but without prejudice to the right of Vaughn to bring an independent suit for the damages claimed. The judgment in favor of the Dimmit County State Bank against Vaughn and Ivy and for foreclosure of its lien upon the property adjudged subject thereto is not disturbed. The costs of this appeal will be assessed against Vaughn.