FIRST NAT. BANK OF GORMAN et al. v.
MANGUM et al. (No. 8161.)

(Court of Civil Appeal of Texas. Ft. Worth.
April 17, 1915.)

1. ACTION ⬅═47—MISJOINDER OF CAUSES.

An action against a bank for breach of a contract to advance money cannot be joined with a tort action against it and its cashier for injuring plaintiff's credit.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 469, 470, 472–489; Dec. Dig. ⬅═47.]

2. APPEAL AND ERROR ⬅═1039 — REVIEW — HARMLESS ERROR.

While a misjoinder of causes of action is no ground for reversal if not prejudicial, it was prejudicial, in an action against a bank for breach of a contract to advance money, to join a tort action against the bank and its cashier for injuring plaintiff's credit, where evidence of

the cashier's statement that plaintiff was a rascal was admitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. ⬅═1039.]

3. ACTION ⬅═50—PARTIES—MISJOINDER.

Where a bank was sued for breach of a contract and also for wrongfully injuring plaintiff's credit, it was improper to join third persons interested only in the contract.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. ⬅═50.]

4. SET-OFF AND COUNTERCLAIM ⬅═34—MATTERS SUBJECT TO SET-OFF.

Under Vernon's Sayles Ann. Civ. St. 1914, arts. 1329, 1330, providing for set-offs and counterclaims, an action on a note cannot be set off against an action for unliquidated damages founded on tort and breach of contract.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 56, 57; Dec. Dig. ⬅═34.]

5. EVIDENCE ⬅═408 — PAROL EVIDENCE TO VARY WRITTEN INSTRUMENT.

A certificate issued by a bank showing the deposit of drafts with bills of lading attached being merely a receipt, it was not contrary to the parol evidence rule for plaintiff to testify as to the arrangement on which the drafts were received.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1829–1842; Dec. Dig. ⬅═408.]

6. BANKS AND BANKING ⬅═143—BREACH OF CONTRACT—DEFENSES.

Where a bank agreed to honor checks given by plaintiff for the price of peanuts, it was no defense to an action for breach that the checks were signed by plaintiff's agent.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 414, 517; Dec. Dig. ⬅═143.]

Appeal from District Court, Eastland County; Thomas L. Blanton, Judge.

Action by W. J. Mangum against the First National Bank of Gorman and another, in which others intervened. From a judgment for plaintiff and intervener, defendants appeal. Reversed and remanded.

J. R. Stubblefield, of Eastland, and J. B. McEntire, of Gorman, for appellants. Scott & Brelsford, of Eastland, S. W. Bishop, of Gorman, and D. G. Hunt, of Eastland, and J. Rupert Jackson, of Baird, for appellees.

DUNKLIN, J. W. J. Mangum, residing in the town of Gorman and engaged in the business of buying and selling hogs, peanuts, grain, and other farm products, instituted this suit against the First National Bank of Gorman and B. F. Reed, and, from a judgment rendered against the bank in favor of plaintiff and also in favor of several interveners, the bank has appealed.

The cause of action alleged by the plaintiff against the bank consisted, substantially, of allegations that the bank entered into a contract with the plaintiff to honor his checks drawn in payment for peanuts which he might purchase, upon plaintiff's agreement to deposit with the bank drafts which he would draw upon his customers to whom he intended to sell and ship the peanuts with

bills of lading attached, and with the understanding that the proceeds of the drafts when collected by the bank would be used for reimbursing the bank for moneys paid out on such checks. This agreement was alleged to have been made on or about November 1, 1913. It was further alleged that on or about the 16th day of January, 1914, plaintiff bought peanuts in different amounts from several farmers residing in the community in which he lived, the amount of such purchases aggregating two car loads, and gave checks upon the defendant bank to cover the amount of such purchases, the checks being drawn upon the bank by plaintiff through W. H. Mullins, his authorized agent; that bills of lading for the two cars of peanuts with draft attached upon the Cleburne Peanut & Product Company, to whom plaintiff had sold the shipment, were deposited with the defendant bank on January 20, 1914, and at the same time a list of the outstanding checks given for the purchase of the peanuts was delivered to the bank with instructions to collect the drafts and to pay the checks so drawn, which the bank agreed to do; that the bank collected the drafts but refused to honor the checks, applying the proceeds of the two drafts in part upon an account owing by plaintiff and Godwin, his former partner, and in part upon plaintiff's individual note to the bank. Plaintiff further alleged that in dishonoring the checks the officers of the bank acted maliciously and thereafter publicly stated to the holders of the checks that plaintiff had no authority to draw the same and made the same representation to other banks and persons in that vicinity. Damages were sought for the breach of said contract on the part of the bank, consisting of loss of profits plaintiff would have made in his business of buying and selling such produce if the bank had complied with its said contract to furnish him credit. Damages were also sought for injury to his credit and business standing resulting from the tort committed in falsely circulating the report that he had drawn said checks knowing at the time that he had no funds or credit which would insure their payment.

The defendant B. F. Reed was alleged to be the cashier of the bank, and plaintiff prayed for judgment for both actual and exemplary damages against him and the bank by reason of the facts alleged and noted above.

According to the allegations of the petition, the contract and breach thereof were by the bank, while both the bank and Reed were responsible to plaintiff for making and circulating the false reports mentioned.

The case was submitted to a jury upon special issues. The verdict shows a finding that on or about November 1, 1913, the bank agreed with the plaintiff to furnish him a line of credit to enable him to buy products and to pay off and discharge any checks which might be drawn by the plaintiff in making such purchases. The jury further found, in effect, that checks were given as alleged by the plaintiff for the purchase of the peanuts constituting the two car loads which he shipped to a customer in Cleburne, and that before said checks were presented he delivered to the bank bills of lading for such cars with drafts attached, and at the same time instructed the officials of the bank receiving such drafts to apply the proceeds thereof to the payment of the checks mentioned, which the bank agreed to do; that thereafter the bank refused to honor said checks, which refusal injured the plaintiff in his business; and that the sum of $1,500 would reasonably and fairly compensate the plaintiff for such damages. The jury further found that in refusing payment of the checks the officers of the bank did not act with malice.

[1] We are of the opinion that the court erred in overruling a special exception urged by defendant bank to plaintiff's petition, presenting the contention that there was a misjoinder of causes of action in that plaintiff seeks to recover damages for a breach of contract and also damages for libel and slander. One of the causes of action so alleged is founded upon a contract pure and simple, and the other is for tort, and the tort is alleged to have been committed both by the bank and by Reed individually, with no allegation even tending to show that Reed was liable in any manner upon the contract made with the bank to extend credit to the plaintiff. Stewart v. Gordon, 65 Tex. 344; Frey v. F. W. & R. G. Ry. Co., 86 Tex. 465, 25 S. W. 609; Hammer v. Garrett, 133 S. W. 1058.

[2] It is a familiar rule that a misjoinder of causes of action will not be cause for a reversal of a judgment upon appeal if the erroneous action of the court in allowing such misjoinder resulted in no injury to appellant. Thompson v. Griffin, 69 Tex. 139, 6 S. W. 410; T. & P. Ry. Co. v. Watkins, 88 Tex. 20, 29 S. W. 232; G. & B. V. Ry. Co. v. Weddington, 31 Tex. Civ. App. 235, 71 S. W. 780; Western Nat. Bank v. Tex. Christian University, No. 8126, 176 S. W. 1194, by this court and not yet published. But such cannot be said in the present case in view of the testimony introduced by plaintiff, in effect, that defendant Reed made a statement to the holder of one of the checks that plaintiff Mangum was a rascal; that he expected to sue him and show him up in court as such; that he was indebted to the bank and seemed to be trying to act the rascal with it. It does not appear that the bank objected to this testimony, but a part of it, at least, clearly was not admissible against any one except Reed, and doubtless objection would have been made to it if Reed had not been a party defendant. The issue whether or not the plaintiff's business or business standing was injured by reason of the alleged libelous reports was not submitted, and a judgment was rendered in

favor of Reed. But notwithstanding those facts we are of the opinion that evidence of the character referred to above was reasonably calculated to prejudice the jury in favor of plaintiff and to increase his chances for a favorable finding upon the issues that were submitted. If the cause of action alleged by the plaintiff had been confined to the issues determined by the jury, clearly it could not be argued that such evidence was admissible in plaintiff's behalf, nor that the same would not be reversible error.

[3] The interveners were the holders of nine separate checks which plaintiff gave in payment for the peanuts purchased. One of these checks was for more than $600, while the rest of them were for sums less than $300. Those interventions were upon the theory that, as the bank agreed with plaintiff to honor the checks out of the funds to be collected from the drafts drawn by plaintiff with bills of lading attached, the holders of the checks had an interest in the contract. A special exception was presented by the bank to these interventions upon the contention that to allow them would be to permit a misjoinder of parties and of causes of action, and we are of the opinion that the court erred in overruling that exception. Interveners had no interest in the contract which the jury found the bank made with plaintiff on or about November 1, 1913. Even though it should be said that they had an interest in the contract which the jury found the bank made with Mangum to pay the checks, which had then been issued in favor of interveners, out of the proceeds of the drafts drawn with bills of lading attached, and that they would have the right to assert their claims in a suit by the bank for a breach of that contract, still the objection that they would not have a right to also join their suits with plaintiff's demand against Reed and the bank for the tort committed by reason of the libel and slander alleged would not be avoided.

[4] There was no error in sustaining plaintiff's special exception to the cross-action of the bank against Mangum, since that demand was based upon a promissory note executed by Mangum in favor of the bank, while the cause of action asserted by plaintiff against the bank was for unliquidated damages founded on tort and breach of covenant, and the counterclaim asserted by the bank neither arose out of, nor was incident to, nor connected with, the cause of action asserted by the plaintiff. Vernon's Sayles' Tex. Civ. Stat. arts. 1329, 1330.

[5] We are of the opinion further that there was no error in refusing appellant's request for an instruction to exclude the testimony of Mangum relative to conversations between himself and the assistant cashier of the bank at the time the drafts were deposited, upon the theory that the certificate of deposit given to Mangum at the time constituted a written contract, the terms of which would be varied by such parol testimony. The deposit slip or certificate so issued by the bank constituted nothing more than a receipt and furnished no basis for the application of the rule invoked by appellant which forbids the terms of a written contract to be varied by parol testimony.

[6] If at the time plaintiff deposited the two drafts the bank agreed to pay the checks which had theretofore been drawn for the purpose of paying for the peanuts, as testified to by plaintiff, then it was immaterial whether the checks had been signed by plaintiff, himself, or by his agent, Mullins, and for this reason we hold that there is no merit in the contention presented by appellant that the court erred in submitting that issue to the jury in the absence of a specific agreement to pay checks drawn by Mullins as agent, rather than by plaintiff himself.

We are cited to no evidence sufficient to support the contention that plaintiff was able to pay the checks himself, and that he should have done so in order to avoid the damage to his credit for which he sues, even though it should be held, but which we do not wish to be understood as holding, that the legal duty rested upon him to thus avoid such damage, and the failure to do which would preclude a recovery.

For the errors indicated, the judgments in favor of plaintiff and interveners against the bank are reversed, and the suit as between those parties is remanded for another trial. And for the guidance of the trial court upon another trial we deem it proper to add that as interveners, together with plaintiff, were beneficiaries of the alleged contract by the bank, made at the time of the deposit of the two drafts, to pay the checks held by the interveners, the joinder in the suit by the interveners for the purpose of collecting those checks will not be improper, provided plaintiff's suit shall be limited to a demand for damages resulting from a breach of that contract. As no complaint is made of the judgment rendered in favor of the defendant Reed, that judgment is undisturbed.