## HART SHOE CO. v. ADAMS et al.
### (No. 10088.)

(Court of Civil Appeals of Texas. Fort Worth. Jan. 20, 1923. Rehearing Denied Feb. 24, 1923.)

1. Action ⬅️47—Against corporation for balance due on contract cannot be joined with action against directors for funds misappropriated.

A cause of action against a corporation for a balance due for goods sold, being an action for debt arising out of an implied contract, cannot be joined with a cause of action against certain directors for funds misappropriated by the managing director by reason of their negligent failure to supervise the management of the business; such action sounding in tort.

2. Venue ⬅️16½—Plea of privilege cannot be defeated because venue is properly laid in county of codefendant's residence, where there is misjoinder of parties defendant and causes of action.

If there is a misjoinder of parties defendant and causes of action, Rev. St. art. 1830, subd. 4, providing that, where two or more defendants reside in different counties, the suit may be brought in the county of the residence of either, cannot be invoked to defeat a plea of privilege by some defendants to be sued in the county of their residence merely because the venue as against a codefendant is properly laid in the county where the suit is instituted.

Appeal from District Court, Comanche County; J. R. McClellan, Judge.

Action by the Hart Shoe Company against Nathan Adams and others. From an order sustaining a plea of privilege by the named defendant and others, and ordering a transfer of the cause to another county, plaintiff appeals. Affirmed.

Y. W. Holmes, of Comanche, for appellant. John L. Young, of Dallas, for appellees.

DUNKLIN, J. The Hart Shoe Company instituted this suit to recover a balance due it for goods sold to the Economy Store, a private corporation having its domicile and place of business in De Leon, Comanche county, Tex. The suit was instituted in the district court of Comanche county against the Economy Store, Joe Stern, Nathan Adams, H. H. Halleck, and W. W. McDonald. The four defendants, Stern, Adams, Halleck, and McDonald, all reside in Dallas county. After the original petition was filed, the defendant Joe Stern died, and plaintiff filed an amended petition, in which he was omitted as a defendant, thus leaving the corporation and Adams, Halleck, and McDonald as the only defendants. The three defendants last named filed their plea of privilege to be sued in the county of their residence, which plea was sustained by the court, and from that order plaintiff has prosecuted this appeal.

It was alleged in plaintiff's petition that the Economy Store had ceased to do business, is defunct, and had executed a deed or assignment to one D. L. Terrill, as trustee, conveying all of its assets for the benefit of its creditors. It was further alleged that the said Stern, Adams, Halleck, and McDonald were named as directors for the first year of the Economy Store in its articles of incorporation, which were duly filed with the Secretary of State and which charter was signed and acknowledged by said four directors; that after said charter was procured, the

company immediately began the transaction of the business authorized by the charter, which included the right to engage in the purchase and sale of goods, wares, and merchandise, and that, by a unanimous agreement on the part of all the directors, Joe Stern was placed in full charge and management of the business; that the said Joe Stern, while so engaged as such manager, wrongfully, from time to time, appropriated to his own use and benefit divers funds belonging to the corporation, aggregating approximately $4,781.87; an itemized statement of such misappropriations being attached to the petition as a part thereof.

It was further alleged that the defendants Adams, Halleck, and McDonald, while acting as directors of said corporation, negligently failed to perform their duties as such, in that they failed to watch over and supervise the business and prevent such misappropriations by Stern, and as a result of such negligence the funds so misappropriated by Stern were lost to the corporation and to its creditors, including the plaintiff, and plaintiff sought to establish liability on the part of said directors by reason of such negligence. It was further alleged in the petition that the goods, for which recovery was sought, were sold upon the belief that the directors would perform their legal duty to look after and supervise the management of the business by Stern. It was further alleged that the trustee, Terrill, had failed and refused to institute suit against the directors for the benefit of the creditors of the corporation, although plaintiff had requested him so to do. Plaintiff sought a judgment against the said directors individually, other than Stern, for its debt; and, in the alternative, in the event the court should hold that it could not have such relief without being joined by the other creditors, then that a judgment be rendered in its behalf and in behalf of all the other creditors of the Economy Store for the total sum of money found to have been misappropriated by the said Joe Stern, such recovery to be apportioned among all such creditors as might indicate a desire to participate therein.

The plea of privilege to be sued in Dallas county, which was the county of their residence, filed by defendant Adams, Halleck, and McDonald, was in statutory form and duly verified. Those defendants also filed a plea of misjoinder of causes of action and of parties defendant; the principal contention of misjoinder being that the suit against the Economy Store was an action ex contractu, while that alleged against the directors is an action for tort and is ex delicto.

In its controverting affidavit and plea, filed by plaintiff in reply to the plea of privilege, plaintiff invoked subdivision 4 of article 1830, Revised Statutes, which provides that where two or more defendants reside in different counties, the suit may be brought in the county of the residence of either one; and also subdivision 5 of the same article, which provides that—

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

[1, 2] The cause of action asserted against the Economy Store was an action for debt, arising out of an implied contract, while that asserted against the appellees was for a negligent failure of the alleged duty to watch over and supervise the conduct of the business by the manager Stern, and therefore that action sounded in tort. We think it clear that those two causes of action were separate and distinct, and that there was no error in the conclusion reached by the trial court as shown in his findings on file that the appellees' plea of misjoinder of causes of action and of parties should be sustained. Frey v. Ft. W. & R. G. Ry. Co., 86 Tex. 465, 25 S. W. 609; Johnson v. Davis, 7 Tex. 173; Stewart v. Gordon, 65 Tex. 347; Thomas v. Chapman, 62 Tex. 193; Frost v. Frost, 45 Tex. 341; Garrett v. Brooks, 41 Tex. 479. If there is a misjoinder of parties defendant and of causes of action, subdivision 4 of article 1830, Revised Statutes, cannot be invoked to defeat the defendants' plea of privilege to be sued in the county of their residence merely because the venue of the suit as against a codefendant is properly laid in the county where the suit is instituted. Moorehouse v. King County Land & Cattle Co. (Tex. Civ. App.) 139 S. W. 883. In the case of Galveston Dry Goods Co. v. Mitchell (Tex. Civ. App.) 171 S. W. 278, the following was said:

"The privilege to be sued in the county of the domicile is a valuable one, and litigants cannot be deprived thereof by the joinder of causes of action which are separate and distinct."

In support of that announcement, numerous decisions are cited. See, also, First Natl. Bank of Coleman v. Gates (Tex. Civ. App.) 213 S. W. 720; Rutledge v. Evans (Tex. Civ. App.) 219 S. W. 218.

Appellant has cited authorities in support of its contention that the appellees, as directors of the Economy Store, would be liable to the corporation for losses sustained through their negligent failure to properly look after the business of the company. Conceding that those decisions announce a correct rule, they do not bear upon the question of misjoinder of parties and causes of action. Other decisions cited by appellant likewise cannot be given controlling effect in this suit for the same reason. We shall not attempt a discussion of such authorities, since we think it sufficient to say that in none of them, in which pleas of privilege were overruled by

reason of the fact that the venue was properly laid as to a codefendant, was the question of misjoinder of causes involved.

For the reasons indicated, the judgment of the trial court, sustaining the plea of privilege and ordering a transfer of the cause to Dallas county, is affirmed.