## FIRST TRUST JOINT STOCK LAND BANK OF CHICAGO v. HAYES et al.

### No. 1840.

Court of Civil Appeals of Texas. Waco.
Jan. 16, 1936.

Rehearing Denied Feb. 13, 1936.

Lawther, Cox & Cramer, of Dallas, for appellant.

John Abney, of Hillsboro, for appellees.

ALEXANDER, Justice.

G. D. Hayes brought this suit in the district court of Hill County on August 5, 1935, against First Trust Joint Stock Land Bank of Chicago and alleged, in substance, that on or about the 14th day of December, 1925, he and his wife executed and delivered to First Trust Joint Stock Land Bank of Dallas a promissory note in the sum of $5,300, which note was alleged to belong to defendant. It was further alleged that at the same time Hayes and wife executed and delivered to said Land Bank a deed of trust on two tracts of land, one for 54.89 acres and the other for 8⅓ acres; that the lien was good as to the larger tract but that the smaller tract constituted the homestead of the plaintiffs at the time of the execution of said lien; and that no part of said indebtedness constituted a valid lien on the smaller tract except to the extent of $100, being a part of the purchase money of said land. He alleged that he had tendered and was willing to pay the balance of said unpaid purchase money, with interest. He prayed that said purported lien, in so far as the same applied to the homestead tract, be held invalid and canceled except to the extent of $100, and that pending trial a temporary injunction be issued restraining a sale of said homestead tract by the trustee under the power given in the deed of trust. The defendant, among other things, filed a plea in abatement in which it was alleged that on July 15, 1935, the First Trust Joint Stock Land Bank of Chicago had brought suit in the district court of Dallas county against G. D. Hayes, the Missouri & Kansas Railway Company of Texas, Texas Power & Light Company, and E. C. Brand, banking com-

missioner of the State of Texas, to recover on said note for $5,300, and to foreclose its lien on all of said land. The defendants prayed that this suit be abated pending a trial of the suit filed in the district court of Dallas county. The trial court, after hearing the evidence on the application for temporary injunction, overruled the plea in abatement and granted the temporary injunction restraining the defendant from selling or attempting to sell the 8⅓-acre tract of land under the powers given in the deed of trust pending a trial on the merits. Said order contained the following provision: "This temporary injunction herein granted shall remain in force until the final determination of this suit upon its merits. Said temporary injunction, however, is not intended to prevent defendant from advertising said land for sale after judgment may be obtained authorizing such sale." The defendant appealed.

■ There has been no trial of the cause of action on the merits. The appeal is from the order granting the temporary injunction and not from the ruling on the plea in abatement, and hence the latter ruling will be considered only in so far as it prejudiced appellant's right, if any, to defeat the application for a temporary injunction. 1 Tex.Jur. 189, § 138; Gulf & B. V. R. Co. v. Weddington, 31 Tex.Civ App. 235, 71 S.W. 780. The appellee prayed that upon final hearing he have judgment canceling the purported lien on the 8⅓ acres of land, but the trial court has not yet ruled on that matter, and hence the question as to whether the pendency of the suit in Dallas county to foreclose the lien on said land would abate a trial of this suit on the merits is not before us. The only question before us is whether the court erred in temporarily enjoining a sale of the 8⅓ acres of land under the powers given in the deed of trust.

■ The suit in Dallas county did not involve the Land Bank's right to sell the land under the powers given in the deed of trust. The pleadings in that suit assert no such right. The order appealed from in the case before us expressly provides that it shall not prevent a judicial sale in satisfaction of the debt. Therefore the judgment appealed from temporarily restraining a sale under said deed of trust in no wise interfered with the jurisdiction of the district court of Dallas county to enter judgment for the debt and to foreclose said lien through judicial sale as prayed for in the suit pending in Dallas county. Houston Oil Co. v. Village Mills Co., 109 Tex. 169, 202 S.W. 725, 226 S.W. 1075. Ordinarily the matter of granting or refusing a temporary injunction rests largely within the sound discretion of the trial court. 24 Tex. Jur. 121; Jackson v. Reagan (Tex.Civ. App.) 70 S.W.(2d) 446, par. 1, and authorities there cited. And, where the injunction is necessary to preserve the jurisdiction of the court or the status quo, such discretion should ordinarily be exercised in favor of the granting of the writ. 24 Tex. Jur. 123; City of Farmersville v. Texas-Louisiana Power Co. (Tex.Civ.App.) 33 S.W.(2d) 271, 272. The injunction in this case had the effect only of preserving the status quo pending a trial on the merits. We cannot say as a matter of law that the trial court abused its discretion in granting the injunction.

■ Moreover, appellant by filing suit in the district court of Dallas county for its debt and to foreclose its lien on the land in question waived its right, at least so long as that suit is pending in court, to sell the same under the powers given in the deed of trust. Gandy v. Cameron State Bank (Tex.Civ.App.) 2 S.W.(2d) 971, and authorities there cited; City National Bank v. Morgan (Tex.Civ.App.) 29 S.W.(2d) 923; Coffman v. Brannen (Tex.Civ.App.) 50 S.W.(2d) 913. Having temporarily waived the right to sell under the powers given in the deed of trust, appellant was in no wise injured by the order of the lower court temporarily restraining such sale. Our affirmance of the order appealed from will not cut off appellant's right to move to dissolve the temporary injunction should the circumstances change so as to authorize appellant to exercise the right to sell the land under the powers given in the deed of trust. Since appellant was not injured by the order appealed from, it would be a useless consumption of this court's time for us to undertake to decide the many abstract propositions of law raised by the briefs. 1 C.J. 973; 3 Tex.Jur. 69 and 966; 1 Tex.Jur. 631.

The judgment of the trial court is affirmed.